In the Matter of the Estate of CHARLES P. GOLDSMITH, Deceased.

Surrogate's Court, New York County, June 4, 1941.

*Pfeiffer & Crames,* for May Gribben, as executrix, etc., petitioner.

*Gustave Simons,* for Dorothy Goldsmith, as executrix, etc., petitioner.

*McLaughlin & Stern* [*Stephen S. Bernstein* of counsel], for Madeleine G. Morrell, Marguerite C. Gale and Marjorie Rosenberg Poll, respondents.

*Louis S. Posner* [*Louis S. Posner* and *Edmond N. Cahn* of counsel], for Dorothy Goldsmith, individually, respondent.

*Phillips, Mahoney & Fielding,* for May Gribben, individually, respondent.

*Paul Friedman,* for Charles P. Goldsmith, Jr., respondent.

*Victor R. Kaufmann,* special guardian.

DELEHANTY, S.   On the settlement of the decree in this accounting proceeding questions are presented respecting the proper computation of the intestate share of the widow who has elected against the will, respecting the treatment of a sum of $1,750 which by stipulation has been fixed as the value of the equity in real property conveyed to the widow by two daughters of deceased in the process of estate administration and respecting the computation of commissions of the executrices.

The major question relates to the proper base for computation of the intestate share of the widow.   The words " intestate share " are words of art which in some circumstances denote a different money value than do the words " share in intestacy " which are words of general description relating to a participation in an intestate estate.   In the computation of the " intestate share," the text of the statute (Dec. Est. Law, § 18) gives to the surviving spouse a right of election " to take his or her share of the estate as in intestacy " subject to limitations and conditions thereafter imposed in the statute.   It is essential, therefore, that there be ascertained first what is the share in intestacy of a surviving spouse on the assumption that the deceased died intestate so far as the rights of the spouse are concerned.   In this estate the opening value of the property subject to administration by the executrices was $171,577.02.   There must be deducted from this sum decreases in value of assets, funeral expenses, debts and administration expenses including the expenses of the accounting.   When these are deducted, there is found the net estate subject to estate taxes. After making these deductions (ignoring estate taxes of $9,903.51 for the time being), the net estate amounts to $104,023.13.   Since deceased was survived by issue, the share in intestacy of the widow is one-third of $104,023.13, or $34,674.38.

Persons interested in the estate who suffer by reason of the election by the widow against the will assert that the Decedent Estate Law prescribes in paragraph (a) of subdivision 1 of section 18 a formula for the computation of the widow's " intestate share " which requires that her share in intestacy shall be computed only after the estate tax item of $9,903.51 is deducted from what otherwise would be called the net estate.   In terms of money, they

assert that from the net of $104,023.13 estate taxes of $9,903.51 must be deducted and the widow's share in intestacy computed as one-third of $94,119.62, or $31,373.21. In this they are in error. Paragraph (a) of subdivision 1 of section 18 of Decedent Estate Law does not prescribe a formula for computation of the share in intestacy of a spouse. It does fix a limitation upon the amount payable under an election out of the share of a spouse computed as in intestacy. The amount so fixed as the upper limit of payment is described in the statute by the term of art — " intestate share." Here no limitation on the widow's share in intestacy is operative because in no circumstance can such share in intestacy exceed the limitation prescribed by the paragraph. Obviously one-half of $94,119.62, or $47,059.81, exceeds $34,674.38.

The total of estate taxes is $9,903.51. This total was reached by the taxing authorities after they had made allowances in respect of the New York State estate tax for the exemptions to a surviving spouse, to children and sisters which are provided for in section 249-q of the Tax Law. In order to determine the ratio of contribution by the actually taxed property, it is necessary to recompute the tax burden as if the whole of the net estate were taxable and as if no exemptions were available to any party. When this fictitious tax is ascertained it represents the sum (subject to the operation of the exemptions) which is to be apportioned to the persons receiving benefits in the estate. The widow's share in this fictitious tax when computed on the basis of a total benefit of $34,674.38 receivable by her in cash or in trust will then be reduced by the sum of $200 which represents an allowance to her at the one per cent rate for her exemption of $20,000. In like manner the shares of the children and the sisters in the fictitious tax burden will be computed and then appropriate deductions made at the one per cent rate for their respective exemptions. The schedule marked Exhibit A attached to the supplemental affidavit amending the account is correct in the principle applied but is erroneous in the figure reached because the widow's share has been treated as if amounting to $31,373.21 instead of the sum actually due her of $34,674.38  All contributions are to be recomputed, however.

The parties have introduced into the finances of this estate a complicating element by reason of a stipulation which disposed of objection No. 32 filed by the daughters and a granddaughter of deceased. In this stipulation it is stated that, without conceding the value of the equity in a certain piece of realty transferred by the daughters to the widow, " a credit therefor in the amount of $1,750 on account of the elective share, if any, of Dorothy Goldsmith under section 18 of Decedent Estate Law, shall be allowed." It follows from this stipulation that the widow has acknowledged

receipt from the daughters of deceased of the sum of $1,750 on account of her intestate share. As stated in the prior decision of the court (175 Misc. 757, 763) the daughters of deceased are each to be credited with $875 against the contributions which otherwise they would be compelled to make out of their shares to establish the share in intestacy of the widow. Correspondingly, the widow is entitled to receive in cash or in trust $34,674.38 less $1,750. As was stated in the prior decision of the court, the contributions of all of the parties to the share in intestacy of the widow are to be computed without regard to the $1,750 item and all other participants in the estate are to make their *pro rata* contributions without any credit for the sum of $1,750 since such credit is derived from a transfer made only by the daughters to the widow. This ruling expressly negatives the contention of the daughters of deceased that their contributions are to be computed as if they had received their legacies less $1,750. The amounts of their contributions are to be computed on the total benefits receivable by them under the will and when so computed each of the daughters is to have a credit of $875 against that amount. The further contention of the daughters that their contributions to estate taxes should be likewise treated is also overruled. They are to make their contributions to taxes on the basis of the whole benefits received by them without regard to the equity in real property transferred by them to the widow.

The present accounting is one by executors only. The executors have correctly computed their commissions on the entire estate handled by them. They are chargeable under the will with the payment over to the daughters of deceased of so much of the principal as was payable at the time of death of the deceased by reason of the attainment then of certain ages by the daughters. The fund so paid over will never pass into the hands of the trustees for the daughters and so no question will ever arise as to trustees' commissions on such payments. There is no doubt however, that the executors are entitled to commissions on such payments since they have received and will pay out the funds.

Revise and resubmit decree accordingly.

(Memorandum on application for reargument.)

The moving parties fail to disclose in this application for reargument any material fact which was not before the court in the consideration of the original application. The motion for reargument is accordingly denied. The decree to be signed settling the account may contain a reference to the application and its denial.

Proceed accordingly.