In the Matter of the Estate of Frederick S. Haslett, Deceased.

Surrogate's Court, Montgomery County, November 4, 1947.

*James W. Moore* and *Dudley L. Moore* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Thomas Burke* and *A. W. Feinberg* of counsel), for respondents.

*Milburn D. Smith,* special guardian for children of Shirley E. Diefendorf.

AULISI, S. Frederick S. Haslett died July 21, 1946, leaving a last will and testament executed June 19, 1945. He left him surviving his widow, Emma Sophia Haslett, his only distributee. The estate of the testator valued at about $675,000 consists of one parcel of real property occupied as his home and personal property.

The first clause of the will devises and bequeaths to the widow the homestead property and contents valued at about $20,000. By the second clause testator gives, devises and bequeaths to his wife " one-third part of all the rest, residue and remainder of my estate and property of every name, kind and nature, the same to belong to her absolutely ". The third clause gives and bequeaths $5,000 to Everett J. Saltsman and a like bequest is made to Nina Parks by the fourth clause.

Clause " Fifth " gives, devises and bequeaths to his executors in trust " the remaining portion of said rest, residue and remainder of my estate " to invest, collect the income therefrom and pay same over to his said wife and upon her death to pay the principal to certain charitable institutions therein named.

The will fails to make any provision for the payment of just debts, funeral expenses and expenses of administration.

In this proceeding the widow contends that by clause " Second " the testator intended to provide a specific legacy for her, not subject to charge for debts, funeral and administration expenses, and asks for a construction of said clause.

The Attorney-General representing the unknown beneficiaries of certain charitable bequests, claims that the widow should pay her proportionate share of said debts and that the second clause does not constitute a specific bequest.

The question is interesting and as is so often the case prior decisions are of little help.

It is the duty of the court to effectuate the main purpose and intent of the testator and in arriving at the scope and meaning of a clause disposing of a balance or residuum, it will not only look at the language employed but the surrounding circumstances.

Here we have a testator who had no relatives, his wife was first in his mind at the preparation of the will. He gave her his homestead property and contents absolutely, then one third of the rest, residue and remainder, etc., absolutely, and after two general legacies, he gave by clause " Fifth " " the *remaining portion* of said rest, residue and remainder of my estate " in trust. The testator did not say the " remaining two-thirds " but the " *remaining portion* ".

The will was drafted by an experienced lawyer and had the testator intended to give his wife one third of the rest, residue and remainder of his estate, after general legacies, debts, etc., have been paid, it would have been easy to follow the usual and customary practice of first directing the payment of debts, then providing for the two legacies to Mr. Saltsman and Mrs. Parks and then making the provision for the petitioner.

The predominant idea of the testator was to provide for his wife and I am of the opinion that he used the words " rest, residue and remainder " not in their strictly technical meaning but had in mind all the property of which he was seized as of the time of his death except the devise of his homestead and contents in clause " First " of his will.

In arriving at the intention of the testator the strict language used in some portions of the instrument must give way to a perusal of the whole document and the meanings of words and phrases used in some parts of the will must be diverted from that which would attach to them if standing alone, and they must be compared with other language used in other portions of the instrument. (*Roe* v. *Vingut,* 117 N. Y. 204, 212.)

The testator knew that his estate was substantial and that there would be more than enough left to pay the legacy to Mrs. Saltsman, Mrs. Parks and debts, etc., after taking out one third absolutely for his wife. I find that I cannot agree with the contention of the Attorney-General. Provisions for the benefit of a wife should be construed liberally in her favor. (*Moffett* v. *Elmendorf*, 152 N. Y. 475.)

The petitioner had been married to the testator for many years and as a good wife generally does, had helped to accumulate this estate. It seems to me more consistent with the intention of the testator and with natural justice that the share set apart in explicit terms for his wife in clause " Second " should go undiminished rather than that the share of the various charitable institutions should be enlarged at her expense.

I, therefore, conclude and hold that by clause " Second " the testator intended to provide a specific legacy to his wife and that it is not subject to reduction or charge for debts and administration expenses.

It is further held that the petitioners, Everett J. Saltsman and Nina Parks are each entitled to the income earned during administration upon their respective legacies.

An order may be submitted, on notice, accordingly.