Charles H. Griffiths, S.
In this accounting proceeding the executors seek a construction as to the effect of the following provision of the will with respect to the payment of taxes: “I further direct that all transfer, succession or inheritance taxes which may accrue hereunder in any jurisdiction be paid out of my general estate
The court determines that the foregoing provision relating to “ taxes which may accrue hereunder ” does not constitute a direction against the apportionment of estate taxes imposed against property passing outside the will. The mandate of the statute requiring a proration of taxes must be observed in the absence of a clear direction in the will to the contrary. (Matter of Duryea, 277 N. Y. 310.) Accordingly, the proceeds of the insurance policy payable to the widow of decedent must bear its prorata share of the estate tax.
A further question is presented by reason of the marital deduction granted to a surviving spouse under the provisions of subdivision (e) of section 812 of the Internal Revenue Code (U. S. Code, tit. 26, § 812, subd. [e], eff. April 2, 1948).
Decedent died on June 20,1948. The will, dated May 26,1948, was executed shortly after the effective date of the Federal Revenue Act of 1948.
*297 The above-quoted paragraph respecting the payment of taxes follows the usual provision for the payment of debts and funeral expenses. Following provision for general legacies to certain employees, and for a specific devise to his wife, testator established a trust for $250,000, the income of which was to be applied to the use of his widow during her lifetime, and directed that one fourth of the corpus be paid to a named son on his attainment of a prescribed age, and that at the death of testator’s widow the balance of corpus be paid to said son or his issue.
One half of the residuary estate is bequeathed to trustees who are directed to apply the net income for the use of testator’s widow, during her lifetime, and who was empowered to dispose of the corpus by will with the express proviso that such power of appointment was exercisable in her own favor or in favor of her estate. The net income of the two trusts, each comprising a one-fourth share of the residuary estate likewise was directed to be applied to the use of testator’s widow during her lifetime. One fourth of the corpus of these trusts is payable to each of testator’s sons upon his attainment of a prescribed age, and provision is made for the payment of the balance of corpus, upon the death of testator’s widow, to each son or his issue.
The court determines that the residuary trusts do not share pro rata in the benefits of any marital deduction allowable. Former section 124 of the Decedent Estate Law, in providing for the apportionment of estate taxes contains, among others, the following provisions: “ allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate ’ ’.
In the absence of a clear direction in the will against the apportionment of estate taxes, the mandate of the statute must be followed, not only with respect to the provisions for apportionment, but also as to the above-quoted provisions requiring that allowances be made for exemptions or deductions.
An analysis of the above-quoted paragraph of the will discloses that there is no express direction against the apportionment of estate taxes. Such provision merely directs the payment of such taxes from “my general estate”. The term “ general estate ” as here employed, is the equivalent of “ my residuary estate”. (Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012.) And although there is an implied direction against the apportionment of estate taxes, there is neither an express nor implied direction in the will in favor or against the apportionment of such taxes as are imposed upon residuary gifts within the respective shares comprising *298 the residuary estate. The will is silent as to which one or more of the residuary trusts, if less than all, shall hear the estate tax imposed upon residuary gifts.
There is no apparent intent that estate taxes imposed upon residuary benefits were to be computed or paid so as to deprive any beneficiary of any residuary trust of the benefit of deductions or exemptions to which he or she might become entitled under the provisions of the act imposing the tax. A general direction that all estate taxes be paid from the general or residuary estate is not a direction against apportionment, within the respective residuary trusts, of estate taxes imposed upon residuary gifts. Such direction for the payment of taxes is not the equivalent of a direction that such taxes be treated as administration expenses.
It has uniformly been held that in the absence of a direction against apportionment, estate tax deductions on bequests to charity inure to the benefit of such charity to the extent of the deduction allowed in the tax proceeding. (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707.) Ami a comparable result has been reached in apportioning State estate taxes as to exemptions granted by reason of the relationship by blood or marriage of the legatee or distributee of the decedent. (Matter of Goldsmith, 177 Misc. 298.) In Matter of Goldsmith (supra) in ascertaining the share payable to a surviving spouse who had successfully elected to take against the will, pursuant to section 18 of the Decedent Estate Law, it was held that such spouse was entitled to the benefit of the exemption allowed in the tax proceeding. In Matter of Peters (204 Misc. 333, affd. 275 App. Div. 950), the effect of the marital deduction was considered in conjunction with the provisions of paragraph (a) of subdivision 1 of section 18 and of section 124 of the Decedent Estate Law. In computing the intestate share payable to a surviving spouse who had elected to take against the will, the learned Surrogate held that the marital deduction allowed was such that the surviving spouse was not required to contribute toward the payment of the Federal estate tax. This conclusion was affirmed on appeal, where it was held that the reference in paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law to the deduction of ‘1 any estate tax ’ ’ was not intended to effect a formula contrary to that set forth in section 124 of the Decedent Estate Law.
The court accordingly determines that the will contains no direction against apportionment of estate taxes imposed against benefits conferred by the residuary clause of the will among the respective residuary trusts.
*299 It appears that insurance benefits conferred independently of the will also are subject to the benefits of the marital deduction. Accordingly the benefits of the marital deduction must also be apportioned as between the insurance benefits and the residuary trust qualifying for the marital deduction. Submit decree on notice construing the will accordingly and settling the account as filed.