William T. Collins, S.
In this intermediate accounting proceeding the executor shows in Schedule C of his account as a general estate expense the payment of Federal and New York estate taxes totaling $31,366.24, of which a total of $20,568.62 *301 was based on the value of the life interest in the residue bequeathed to decedent’s incompetent daughter, and the balance of $10,797.62 was based on the value of the residuary estate itself. In Schedule J of the account it is stated that “ there was no allocation of Federal or New York Estate Taxes because under a provision of the will of Amelia Isabel Pratt all estate taxes were to be paid by the executor and charged as an expense of this estate.” With this treatment of the estate taxes the two charitable residuary legatees disagree.
The provision of the' will relating to the payment of estate taxes is as follows: “ I direct that all my just debts and funeral expenses be paid as soon as possible, and that all inheritance taxes on my estate be paid out of my residuary estate.”
It is undisputed that the above-quoted provision exonerates the general bequests made in paragraphs Third and Fourth of the will from the burden of any estate taxes. Upon termination of the life estate in her daughter, testatrix by paragraph Fifth of her will directed that the remainder be divided into three equal shares and paid to the Little Missionary Day Nursery, the Society of the Free Church of St. Mary the Virgin and to the individual named as executor of the will. The two charitable residuary legatees object to this executor’s treatment of all estate taxes as a general expense borne by the entire residue, urging that such taxes should be apportioned among the interests of the three residuary legatees in accordance with the taxable status of such remainder interests pursuant to section 124 of the Decedent Estate Law.
It is clear that the mere presence in the will of a provision relating to apportionment of estate taxes is not sufficient to render section 124 inoperative. Indeed, ‘ ‘ except in a case where a testator otherwise directs in his will” this section “ commands proration ”. (Matter of Mills, 189 Misc. 136, 140, affd. 272 App. Div. 229, affd. 297 N. Y. 1012.) As in effect prior to the amendment effective September 1, 1950 (testatrix died in 1949) section 124 provided that where a life interest, such as that in decedent’s daughter here, is created, the tax on both such interest and on the remainder thereafter should be “ charged against and be paid out of the corpus of such property or fund without apportionment between remainders and temporary estates.” Thus the entire amount of the tax of $20,568.62 based on the valuation of the life interest must be paid out of the residue of the estate despite the fact that two of the remainder-men are charities, inasmuch as the provisions of section 124 are mandatory. (Matter of Blumenthal, 182 Misc. 137, 140, affd. 267 App. Div. 949, affd. 293 N. Y. 707; Matter of Starr, *302 157 Misc. 103; Matter of Dettmer, 179 Misc. 844.) The above-quoted provision of the will contains no express direction as to apportionment of estate taxes within the residuary estate, and is silent as to which one or more of the residuary bequests, if less than all, shall bear the estate tax imposed upon such bequests. Nor is there apparent any intent that estate taxes imposed upon residuary bequests were to be computed or paid so as to deprive any residuary legatee of deductions to which it might become entitled under the act imposing the tax. A general direction that all estate taxes be paid from the general or residuary estate is not a direction against apportionment within the respective residuary bequests of estate taxes imposed upon residuary gifts. (Matter of Bayne, 31 Misc 2d 296.) Nor is such a direction for the payment of taxes the equivalent of a direction that such taxes be treated as administration expenses. (Matter of Bayne, supra.) With respect to deductions authorized under the applicable tax law, section 124 provided that ‘1 allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate ”. It has uniformly been held that estate tax deductions on bequests to charity inure to the benefit of such charity to the extent of the deduction allowed in the tax proceeding. (Matter of Blumenthal, supra; Matter of Dettmer, supra.) A similar result has been reached in cases involving apportionment of estate taxes as to deductions granted by reason of the relationship by blood or marriage of the legatee or distributee to the decedent. (Matter of Goldsmith, 177 Misc. 298; Matter of Peters, 204 Misc. 333, affd. 275 App. Div. 950.)
The court holds that the interests of the charitable legatees in the residuary estate are not required to bear any estate taxes allocable to such residuary estate to the extent that such charitable legatees are granted exemptions or deductions under the act imposing the tax. The estate taxes based on the value of the residuary estate should be allocated to and paid out of the interest of the executor, the only residuary legatee whose interest does not qualify for the charitable deduction. Schedule J of the account should be amended by the executor accordingly, and the decree herein should reflect such amendment.
The disposition of the legacy provided by paragraph Third of the will in accordance with the proposal set forth in the affidavit submitted by the executor is approved. Submit decree on notice settling the account accordingly.