William T. Collins, S.
The issue presented on this application to modify the fro forma order of April 28, 1953 fixing the estate tax is whether or not the appraiser has properly computed the share of the residuary estate passing to charities and allowed the proper deduction therefor. The executor and the attorney for the State Tax Commission have waived any technical objections as to the procedure in presenting the question and consent that the matter be disposed of on the merits.
The Seventh paragraph of the will directs that1 ‘ all transfer, inheritance, succession and estate taxes payable by reason of my death be paid out of my residuary estate ’ ’. The will contains several specific bequests and the Eighth paragraph divides the residuary estate into 60 parts, 9/60ths of which are given to charities and 51/60ths are devoted to noneharitable purposes.
In computing charities’ interest in the residuary estate, the appraiser deducted the total estate tax, which included the tax attributable to 51/60ths of the residuary estate, from the net estate and divided the balance among the residuary legatees in accordance with the directions in the will. The executor concedes that it was proper under the tax clause of the will to deduct the taxes applicable to the specific legacies before calculating *300 charities’ interest in the residuary estate but that it was improper to deduct the tax chargeable to 51/60ths of the residuary estate before making such calculation. He asserts that the tax clause of the will does not prohibit an allocation of the tax among the legatees of the residuary estate.
The contention" of the executor is sustained. The burden of the tax attributable to the residuary estate should be borne by those whose interests are taxed. It is only by dividing the net estate before deducting the tax chargeable to the residuary estate that charity will receive the benefit of the deduction allowed in computing the estate tax which the estate obtained because of the gifts to charity. (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707; Matter of Bayne, 31 Misc 2d 296; Matter of Pratt, 31 Misc 2d 300; Matter of Campe, 205 Misc. 699; Matter of Mattes, 205 Misc. 1098.) The increase in the amount of the residuary estate passing to charity in accordance with this decision will result in a reduction of the estate tax by the sum of $1,472.50. Submit order on notice modifying the pro forma order fixing tax accordingly.