George Frankenthaler, S.
In this proceeding for the settlement of the account of the executors and for construction of the will, the special guardian has filed two reports. In the first of these he objected to certain credits claimed by the accounting parties. Negotiations for adjustment were thereafter held and in his second report the special guardian states that the accountants have agreed to withdraw credits claimed in an amount in excess of $10,000 and he asks permission to withdraw the objections filed to the balance of the credits asserted. The major part of the credit still claimed is an item for the rental of the apartment maintained by the deceased under a lease for a term of years. This asset was disposed of by the accountant with reasonable promptness and the credit claimed for the rent paid is proper. Under the circumstances shown to have existed in the administration of this estate, the court approves the settlement agreement and authorizes withdrawal of the said objections by the special guardian.
In article Fourteenth of his will testator provided as follows: “ Fourteenth: I direct that the legacies, bequests and devises hereinabove made in Articles ‘ Second ’ to ‘ Thirteenth ’ inclu *304 sive hereof be paid over, transferred and delivered free and clear of all transfer, inheritance and estate taxes and death duties of every kind and that all of such taxes and duties upon my estate and each and every part thereof be pro rated in accordance with the laws of the State of New York over the balance of the properties found to constitute my gross taxable estate other than the legacies, bequests and devises hereinabove made.”
Testator in articles Second to Thirteenth left bequests of varying amounts to individuals and institutions. In article Fifteenth of the will he provided for the disposition of his residuary estate, directing its division into four parts: 15% outright to his brother; 7% to his sister in trust; 39% called Fund A (marital deduction trust) to his wife; and 39% called Fund B (also in trust for his wife). Fund B, it is conceded, would not qualify for the marital deduction. The question presented is the manner in which taxes are to be apportioned under article Fourteenth of the will.
The testator’s direction for apportionment of taxes bears a very marked resemblance to that considered by this court in Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, motion for leave to appeal granted 308 N. Y. 1054; see, also, Matter of Campe, 205 Misc. 699; Decedent Estate Law, § 124, subd. 3, pars, [i], [ii]; U. S. Code, tit. 26, § 812, subd. [e], par. [i], cl. [b]). For the reasons therein set forth the court adopts the same rule for application to the facts in this case. Accordingly, the tax burden allocable to the bequests enumerated in articles Second to Thirteenth of the will should be deducted before computation of the residuary and should not thereafter be apportioned within the residuary; the balance of the estate taxes is to be apportioned so as not to require the wife to bear any of such balance to the extent that her interest is qualified for the marital deduction (Fund A).
In article Second of his will testator bequeathed to his wife “ all of my jewelery, clothing, personal effects, automobiles and all other tangible personal property which I may own at the time of my death. ’ ’ At the time of his death, he was the owner of a one-sixth interest in the Continental Hotel in Kansas City, Missouri. The question presented for construction is whether the hotel furniture, furnishings and equipment pass to the widow under article Second or form part of the residuary estate. The court holds that under all the circumstances the bequest in article Second was not intended to include the materials necessary to carry on the going hotel business which was included as part of the residuary. As the hotel and the equipment therein cannot be separated effectively, they should be treated as a unit. The assets described will pass as a part of the residuary estate.
*305 Finally, the court holds that in discharging testator’s directions contained in article Thirteenth (b) of the will to pay to his sister the sum of $3,000 a year from the principal and income of the trust created therein, the trustee may make payments from principal at any time during the course of the year without postponement until the final month thereof. (Matter of Hayden, 172 Misc. 669, affd. 261 App. Div. 900.)
Submit decree on notice construing the will in accordance with the foregoing and settling the account as affected by the rulings herein made.