Joseph A. Cox, S.
This is an application by executors to construe the will with respect to paragraphs First, Second and Twelfth (i) and (j).
Paragraphs First and Second provide: ‘1 first : I direct that my debts and funeral expenses and the expenses of administering my estate, including the inheritance taxes thereon, be paid as soon after my death as may he convenient.
‘1 second : I direct that all legacy, inheritance, transfer or other similar taxes or duties shall be charged against my residuary estate.”
Paragraph Twelfth provides:
“ twelfth: I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever kind and wheresoever situated, of which I may die seized *775 or possessed or to or in which I may have any power of appointment, in manner following, absolutely and forever: * *
“ Í. To the HEBREW HOME AND HOSPITAL FOR CHRONIC SICK, twenty-five per cent (25%), in memory of my beloved father and mother, morris and Rebecca heit, for the establishment of a bedroom, and it is my wish that an appropriate plaque be placed at the entrance to said room.
“ j. To my njAcvuiury twenta-etne per cent (29%) to be disposed of in their absolute and uncontrolled discretion to various charitable institutions to be selected by them, or a majority of them, in such amounts as they may deem fit and proper.”
There are in this will certain preresiduary gifts. The questions raised by the construction are (1) whether or not the shares of the residuary estate payable to the charities are to be computed before or after the deduction of estate taxes and (2) what did the testator intend by the use of the words “ charitable institutions.”
The problem involving the apportionment of estate taxes is answered by the requirement that statutory apportionment of estate taxes must apply unless directions in the will to the contrary are explicit, clear and unambiguous. (Decedent Estate Law, § 124; Matter of Pepper, 307 N. Y. 242; Matter of Mills; 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012.)
This court was concerned with a similar will in Matter of Coulter (11 Misc 2d 851, affd. 4 A D 1019, motion for leave to appeal denied 5 A D 2d 814). In that case this court wrote (pp. 852-853): “ This testator’s direction that taxes be paid from the residuary estate is an expression of his intent that preresiduary gifts be exonerated from tax and that so much of the tax as is attributable to these bequests be charged against the residuary estate before computation of the respective shares of the residuary legatees. The direction cannot be read as a mandate that the portion of the tax attributable to the residuary assets is not to be apportioned in an equitable manner among the recipients of such residuary gifts. The charities which receive residuary legacies are entitled to the full benefit of the deductions which the law affords them in respect of such legacies (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd, 293 N. Y. 707; Matter of Dettmer, 179 Misc. 844; Matter of Starr, 157 Misc. 103) unless a contrary direction is contained in the will.”
*776 The statutory guide is found in subdivision 3 of section 124 of the Decedent Estate Law, which reads in part as follows: “3. In the absence of directions to the contrary * * * (ii) any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent or by reason of the fact that the property consists of life insurance proceeds or by reason of the charitable purposes of the gift shall inure to the benefit of the person bearing such relationship or receiving such insurance proceeds or charitable gift, as the case may be ”.
The court therefore holds that the shares of the charities are to be computed after deduction of the estate taxes attributable to preresiduary bequests, and that estate taxes attributable to the bequests forming the residuary estate should be apportioned pursuant to section 124 of the Decedent Estate Law so as to give the charitable beneficiaries the full benefit of the charitable deductions.
With respect to the second question as to the definition of “ charitable institutions ” the executors and the Attorney-General agree that the decedent intended to favor corporations, organized and operated for charitable purposes qualified under the Internal Revenue Laws to receive and accept gifts, legacies and bequests. The court holds that it was the testator’s intent that the executors ’ power of selection be limited to those public benefit charitable corporations organized solely and exclusively for charitable purposes, which are exempt from income and estate taxes. (Matter of Robinson, 203 N. Y. 380; Matter of Durbrow, 245 N. Y. 469; Kernocham v. Farmers’ Loan & Trust Co., 187 App. Div. 668.) Submit decree construing the will accordingly.