S. Samuel Di Falco, S.
The petition in this proceeding for construction of the will presents for determination 11 questions involving interpretation of the testamentary language. All of the parties are in agreement that the petitioners’ suggested construction of items A, O, D, F, Gr, J and K of the petition is proper. The court approves the construction proposed in connection with the matters enumerated and the application as to these items is accordingly granted.
The first problem which has arisen involves the taxability of preresiduary bequests and nontestamentary transfers which have been included in the taxable estate. These are three in number; two legacies in the amount of $1,000 each created by a *877 codicil, and an insurance policy of $10,000 payable to the widow and an inter vivos gift. The court holds that under the following instructions of the testator the residuary estate is charged, with the payment of the taxes attributable to the legacies and that the tax is apportionable against the proceeds of the policy and the inter vivos trust (Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012). “ I direct that all inheritance taxes, transfer taxes and death dues, by whatsoever name or designation the same may be called, upon my estate or upon any legacies or bequests herein made, shall be paid out of my residuary estate and that the specific legacies and bequests herein made shall be paid in full without deduction. ’ ’
The second question of major importance involves the division of the residuary estate into two parts in accordance with the formula of the testator’s prescription as set forth below: “ I direct my Executors to divide my said residuary estate * * * into two funds to be designated A and B respectively * * *. Said fund designated A shall be so constituted as to be equal in value to one-half of the value of my entire estate, taking as the basis of value the appraisals made as the basis of fixing the federal estate tax upon my estate. ’ ’ From the use by the testator of the words “ entire estate ” in conjunction with his reference to his residuary estate, it is plain that he was thinking in terms of a gift of one half of his gross probate estate undiminished by legacies, debts, funeral or administration expenses. It is one half of that larger fund rather than one half of his true residuary estate which comprises the trust for the benefit of his widow. In this connection added significance is to be found from the fact that he made no specific provision for the payment of his debts, funeral and administration expenses. It was the absence of such a direction which led the court in Matter of Haslett (190 Misc. 496) to the finding that a gift of one half of the estate meant one half of the gross probate estate, for where such a clause is found it ordinarily bespeaks an intention upon the part of the testator to limit a gift of a percentage of his estate to that percentage of his net rather than his gross estate. (Matter of Petroff, 5 Misc 2d 318.) The distinction was drawn by Mr. Surrogate Collins in Matter of Rosen (156 N. Y. S. 2d 432) where he said at page 433:
‘ ‘ Matter of Haslett’s Estate, 190 Misc. 496, 74 N. Y. S. 2d 294, cited by the wife as authority for a holding that she is entitled to one-half of the gross estate is not persuasive since the will in that case contained no such prior direction for the payment of debts, funeral and administration expenses as we have in this case. The Surrogate there pointed up the distinc-
*878 tion by stating in 190 Misc, at page 498, 74 N. Y. S. 2d at page 296:
1 The will was drafted by an experienced lawyer and had the testator intended to give his wife one-third of the rest, residue and remainder of his estate, after general legacies, debts, etc., have been paid, it would have been easy to follow the usual and customary practice of first directing the payment of debts, then providing for the two legacies to Mr. Saltsman and Mrs. Parks and then making the provision for the petitioner. ’ ”
The court holds upon the reasoning and authority of the cases cited that 1 ‘ Trust A ’ ’ shall consist of one half of the gross probate estate and “ Trust B ” of the balance of the residuary estate. (See, also, Matter of Momand, 13 Misc 2d 990, revd. on other grounds 7 A D 2d 280.)
The court also holds that income earned during the administration of the estate is to be divided between the income beneficiaries of “ Trust A ” and u Trust B ” in the same proportion in which the residuary estate is divided and that gains and losses incurred by the residuary estate shall be apportionable to the two funds in like manner.
Finally, the court holds that the direction for payment of estate taxes as noted above is not a stipulation against apportionment within the residuary estate, with the result that “ Trust A ” created for the benefit of the widow is entitled to the exclusive benefit of the marital deduction. (Matter of Pepper, 307 N. Y. 242; Matter of Mattes, 205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942.)