S. Samuel Di Falco, S.
In this proceeding there is presented for determination a problem with respect to the apportionment of estate taxes.
In article Fourth of his will the testator provided for 13 general cash legacies to different individuals. He then directed that his residuary estate be divided into 8 equal shares. Two of such shares were bequeathed in trust for the benefit of primary and secondary life beneficiaries, and the same plan was followed with respect to four other shares, and two remaining shares, resulting in three separate trusts with different life beneficiaries of varying ages. One of these trusts was subject to a power of invasion. With respect to each of the three trusts the trustees were given the right of selection among nonprofit organizations organized for different charitable, scientific or educational purposes. The will provides that the first trust be paid over to such organizations that care for the aged and infirm; the second trust is for the establishment of scholarships; and the third trust is for the furtherance of archeological science. Within these classifications the trustees have the right to select remaindermen in their unfettered discretion.
Pursuant to the mandate of the will that their power of appointment be exercised, either before or within a reasonable time after the termination of the life interests, the petitioners have already named four such universities and organizations and have recorded in this court assignments of their parts of the remainder. These organizations so appointed are parties to the proceeding along with the Attorney-General who appears in behalf of charities as yet unnamed.
Article Fourteenth of the will directs the payment of estate taxes “ out of my residuary estate, and that the legacies mentioned in paragraphs 1 to 13 of the above Article * Fourth ’ be paid free and clear of such duties and taxes.” The legacies referred to by said paragraphs are the general cash legacies to designated individuals in article Fourth.
The specific question for the court is whether estate taxes are to be paid out of the residuary estate prior to funding the several testamentary trusts.
*294 The executors and one charity argue that estate taxes should be considered as though they were an administration expense while the Attorney-G-eneral contends that taxes should be prorated within the residuary estate. The problem exists by reason of the fact that differences in the life expectancies of the income beneficiaries of the three trusts have resulted in the imposition of a proportionately larger tax with respect to the trust having beneficiaries with larger life expectancies. It is contended by the executors that this creates an inequity and that it was the testator’s purpose to have one trust consisting of two eighths of the net residuary estate remaining after payment of taxes, another trust in an equal dollar amount and a third trust comprised of four eighths of the net residuary estate remaining after payment of taxes. This would result only if taxes were to be treated in the same manner as an expense of administration while, if taxes are to be pro-rated within the residuary estate upon the same basis as that employed in the assessment of the taxes, it will not follow that the testator’s initial direction for division of the residuary will remain unaffected by the tax burden.
Nothing in the tax provision of the will or in its other language can be regarded as a direction that taxes be treated as an administration expense. (Matter of Starr, 157 Misc. 103; Matter of James, 180 Misc. 441, affd. 267 App. Div. 761, motion for leave to appeal denied 292 N. Y. 724.)
In Matter of Starr (supra, p. 105) Surrogate Delehanty said:
“ Equality of tax burden would have three effects, none of which is justified by the will or by fair treatment of the interests involved.
‘ ‘ First, it would in effect write into this will a direction that the tax be treated as an administration expense and be deducted before the division of the residuary into equal shares. Nowhere in the will is there anything which justifies that method of placing the tax burden. Second, it would force that half of the residuary in which the charities share in all events to pay a tax computed on property within that half not included for taxation and in effect would deprive such charities of most of the benefit of the credit which the Tax Law grants to charitable gifts. Third, it would give to that portion of the residuary share entitled to no exemption and hence taxed upon its entire value a means of escape from part of the tax actually caused by the property value in such share.”
The argument here advanced by the executors was inherent in many prior decisions involving tax apportionment. (Matter of Bayne, 31 Misc 2d 296; Matter of Pratt, 31 Misc 2d 300; Matter *295 of Campe, 205 Misc. 699; Matter of Coulter, 11 Misc 2d 851, affd. 4 A D 2d 1019, motion for leave to appeal denied 5 A D 2d 814, motion for leave to appeal denied 4 N Y 2d 676; Matter of Heit, 26 Misc 2d 774.) Each of the cited cases involved apportionment within the residuary estates in instances where the residuary gifts were to an individual and a charity, and in each of those cases the argument made by the executors herein was available to the individual legatee to whom the testator had bequeathed a part, or parts, a percentage or a fraction of the residuary estate. In each of the cited cases the courts could have held that a gift to a nonexempt residuary legatee meant that the legatee was to receive that portion of the residuary estate remaining after taxes, and that, in effect, taxes were to be paid as an administration expense. However, the courts realized that such an interpretation of the wills would have deprived the residuary charities of the tax exemption granted to them by law and, in each case, it was held that because the gift to a nonexempt legatee occasioned the tax, that legatee had to bear the tax burden. There is no reason to depart from this thinking in the case at bar and to hold that dispositive testamentary language providing residuary gifts to an individual and a charity requires a construction quite distinct from identical language in a will providing residuary gifts to several charities. A court so holding would be talking out of both sides of its mouth and any departure from the established rule of apportionment involving a nonexempt residuary beneficiary would occasion vigorous protestations from charities in general.
Charities for years have been favored by the application of the doctrine of apportionment within the residuary. There should be no complaint when an individual is not involved as in this case and charities only share the remainder. By application of the well-settled rule to the immediate situation, a result is afforded whereby some of the charities will receive a lesser percentage of the remainder than their counterparts. To vitiate this rule in the instant cas.e would impair the exemption afforded charities in a future case where individuals share part of the residuary.
The testator at first divided his estate into eight equal parts. Later he upset this balance among his charitable beneficiaries by reason of the fact that some of the measuring lives of certain trusts are longer than others; by reason of a power of invasion; and because a greater part of the shares were settled in one of the funds. The estate taxes attributable to each trust will be deducted from its corpus before it is funded.