John J. McCall, S.
The executor here, in his account, has prorated the burden of the State and Federal tax by the following formula. He has divided the total tax levied by the amount of the estate after exemptions, then applied that rate so obtained to the face value of the legacies received (omitting any amounts including in the exempted portions). Objection to this method was taken by one of the legatees and the objection is well taken. However, the alternate method suggested by the objecting legatee is likewise erroneous and the court is constrained to lay down the correct procedure.
Subdivision 3 of section 124 of the Decedent Estate Law reads as follows: “In the absence of directions to the contrary, (i) apportionment of the tax shall be made among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited, the values as finally determined in the respective tax proceedings being the values to be used as the basis for apportionment of the respective taxes; (ii) any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent or by reason of the fact that the property consists of life insurance proceeds or by reason of the charitable purposes of the gift shall inure to the benefit of the person bearing such relationship or receiving such insurance proceeds or charitable gift, as the case may be ”.
The procedure to be followed is outlined in Matter of Goldsmith (177 Misc. 298, p. 301). “ In order to determine the ratio of contribution by the actually taxed property, it is necessary to recompute the tax burden as if the whole of the net estate were *401 taxable and as if no exemptions were available to any party. When this fictitious tax is ascertained it represents the sum (subject to the operation of the exemptions) which is to be apportioned to the persons receiving benefits in the estate. The widow’s share in this fictitious tax when computed on the basis of a total benefit of $34,674.38 receivable by her in cash or in trust will then be reduced by the sum of $200 which represents an allowance to her at the one per cent rate for her exemption of $20,000. In like manner the shares of the children and the sisters in the fictitious tax burden will be computed and then appropriate deductions made at the one per cent rate for their respective exemptions ”. This procedure is to be followed here but with one caution. As far as exemptions are concerned under the present law, credit is given for them in the aggregate, not on an individual basis and not at a constant rate. In this present case, the rate was 2% on the first $50,000 of exemptions and 3% on the balance of $9,151.76. The credit on the fictitious tax to be given to the parties having exemptions must be the actual cash credit they received in the assessment of the real tax. Their share of the credit will be based on the relationship of their own exemption to the aggregate exemption.
As far as the Federal tax is concerned, a ratio is to be established between the amount received and the amount of the estate before the specific exemption and said ratio applied to the tax as actually levied.