Edwabd M. Hobet, S.
Upon proceedings for judicial settlement, the guardian ad litem for two infant beneficiaries has objected to the account of the executrix as filed with the court.
Upon review, it appears that David Black and Laurie J. Black, infant grandchildren of the testatrix, each received a bequest of $2,000 under testatrix’s will. Assets of the estate were sufficient to pay each bequest in full.
The will of the decedent contained no provision for the proration of taxes. In her account the executrix has reduced the bequest to each infant beneficiary by $6 contending that such sum is the amount of New York, estate tax properly allocated and chargeable to each beneficiary.
It appears, without dispute, that the bequest of $2,000 to each infant grandchild is an “exemption” within the meaning of section 958 (subd. [b], par. [2]) of the Tax Law. It also appears, without dispute, that in the estate in issue the total of all “ exemptions ” within the meaning of section 958 of the Tax Law is $16,000; that the New York taxable estate before the application of exemptions is $71,827.99; that the New York estate tax computed upon that sum subject to subsequent operation of exemptions is $1,654.84, and the New York estate tax after the operation of all exemptions in the aggregate was $1,334.84.
The guardian ad litem first contends that there should be no apportionment of New York estate tax chargeable against the bequests of the infant grandchildren. The guardian contends that those bequests are wholly exempt from the imposition of New York estate tax.
*266 Section 958 of the Tax Law provides in part as follows:
“(a) Allowance of Credit. A credit shall he allowed against the taco imposed under subsection (a) of section nine hundred fifty-two for the personal exemptions specified in subsection (b) in an amount equal to two per cent of the first fifty thousand dollars and three per cent of the next one hundred thousand dollars of the aggregate of such exemptions.” [Italics added.]
“(b) Exemptions. The interests in property and insurance eligible for exemption under this section shall be * * *
(2) the amount of the New York taxable estate transferred to and indefeasibly vested in each lineal * * * descendant * * * The exemption under this paragraph shall not exceed $5,000 for the amount transferred to each such individual.” The court holds that the statute (Tax Law, § 958) does not provide that property transferred to a lineal descendant is exempt from tax. It merely provides that such property qualifies for a credit against the tax. That credit under the statute redounds to the benefit of the recipient of the qualifying property. The maximum qualifying property in the ease of a lineal descendant is fixed at $5,000.
It is unfortunate that in describing properties which qualify for credit the Legislature employed the term “exemptions”. A more meaningful and less confusing term might have been ‘ ‘ properties qualifying for tax -credit ’ ’ or some similar denomination. As the guardian ad litem has argued, “ exemption ”, normally connotes 1 ‘ freedom or release from liability ’ \ See Webster’s New World Dictionary. However, a fair reading of section 958 (subd. [b]) of the Tax Law indicates clearly that the term “ exemptions ” there means that statutorily defined property that qualifies its recipient for a credit against an imposed estate tax. The difference is that which exists between receipt of nontaxable property and the receipt of property qualifying for a credit. Section 958 (subds. [a], [b]) of the Tax Law provide for the latter.
A second objection of the guardian ad litem is addressed to the manner in which the estate tax was computed. Summarized, the argument is that if any New York estate tax is-payable by the infant beneficiaries, computation and opportionment have been improperly determined.
In reviewing the work papers of the executrix, more accurately, those of her attorney, it appears that the executrix computed each infant’s portion of the tax by first determining the proper percentage of tax payable by each infant. This *267 was done by. employing the following formula and inserting the following figures therein:
Benefit received ($ 2,000.00)
- = .0278442% of tax before
Estate before exemption ( 71,827.99) operation of exemption.
The determined percentage of each infant’s share of tax was translated into a dollar value by the following formula and computation:
Total tax before operation of exemptions ($1,654.84) X computed percentage of tax before operation of exemptions (.0278442%) = $46.07.
The total amount of credit against tax was computed as follows:
Total amount of property for credit ($16,000) X permitted credit rate (2%) = $320.
The tax credit allowable under section 958 (subd. [b]) of the Tax Law to each infant beneficiary against the computed tax was then determined by employing the following formula and computation:
Amount of
Individual
Exemption ($ 2,000) Total
■- X Exempt ($320) = $40 (individual
Total exempt Credit credit).
Amount ( 16,000)
•Finally, the prorated share of tax to each infant beneficiary was reached by the following computation:
Computed percentage of tax ($ 46.07)
Less computed individual credit ( —40.00)
$ 6.07 (individual tax payable).
The procedure followed by the executrix stemmed from the use of formulas that were set forth with precision and clarity by Surrogate McCall in Matter of Casey (53 Misc 2d 399). There the distinguished Surrogate construed those provisions of section 124 of the Decedent Estate Law that previously related to the apportionment of New York estate tax. (See p. 400.)
In the case at bar, the applicable statute is section 2-1.8 (subd. [c], par. [1]) of the Estates, Powers and Trusts Law. It provides as follows:
“(c) Unless otherwise provided in the will or nontestamentary instrument:
*268 (1) The tax shall he apportioned among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited, the values as finally determined in the respective tax proceedings being the values to be used as the basis for apportionment of the respective taxes.”
While there was some minimal change in language between the present statute and its predecessor (Decedent Estate Law, § 124, subd. 3) it appears clear that in formulating the procedure for apportionment of estate tax into the Estates, Powers and Trusts Law, no intention to change pre-existing procedure was intended. (See Reviser’s Notes to EPTL 2-1.8, McKinney’s Cons. Laws of N. Y., Book 17B, p. 105; 9 Rohan, N. Y. Civ. Prac., par. 2-1.8 [1].) The formulas for computation in Matter of Casey (supra) were designed as procedural aids. They are concise and comprehensible. The result of the application of those formulas is equitable and consistent with present statutory provisions.
Accordingly, this court adopts the formulas for computation and proration of New York estate tax as determined in Matter of Casey (supra) and holds that they were properly employed for apportionment of New York estate tax under EPTL 2-1.8 (subd. [c], par. [1]).
The apportionment of $6 of New York estate tax to each infant beneficiary in the accounting was proper. The variant of 7 cents between the sum assessed ($6) and the sum computed ($6.07), the court holds is de minimis. The obections of the guardian ad litem are overruled. The account is approved. Submit decree approving judicial settlement.