Nathait it. Sobel, S.
Submitted for determination as a matter of law in this executor’s account is an issue of estate tax apportionment among the will beneficiaries. Specifically, the court is requested by the parties to determine the method of apportionment of estate taxes among the intra-residuary dispositions when testator has directed in his will that all estate taxes are to be paid out of the residuary. As it has in this proceeding, the problem is created when one or more of the *517 intra-residuary dispositions qualify for the marital or charitable deduction.
Mr. Olson in his will made substantial preresiduary dispositions among family, friends and charities.
In paragraph tenth he made fractional distributions of his residuary estate of which 55% was divided among “ family ” and 45% among charities.
Paragraph twelfth then provided: “ I direct that all estate, inheritance, succession and other taxes which may become due and payable by reason of my death, with respect to any and all property passing on my death either under this my Last Will and Testament or otherwise be paid out of my residuary estate.”
None of the parties disputes that this is a direction that all estate taxes on both the preresiduary dispositions and on nontestamentary assets passing outside the will must be paid “ off the top ” of the residuary before the division of the residuary into the fractional shares. The dispute concerns the apportionment of the taxes among the fractional dispositions within the residuary itself.
Because “ local law”, i.e., State statutes and decisions govern in many respects the availability of both the marital and charitable deductions, a brief discussion of New York’s tax apportionment statute is helpful.
The rule in New York (and most other States) prior to 1930 was that all estate taxes on all property included in the gross estate whether passing under the will or nontestamentary property passing outside the will must be paid out of the residuary estate.
Section 124 of the Decedent Estate Law recommended by the Foley Commission and enacted in 1930 (L. 1930, ch. 709) was an innovation for New York. Many other States have since followed New York’s lead. The new statute reversed the established rule of “ burden-on-the-residuary ” and placed the “ burden-on-the-recipient ” whether the recipient was the beneficiary of a preresiduary or a residuary disposition or the recipient of nontestamentary property. The Foley Commission justified the reversal on the ground that the collective experience of the Surrogates established that the new statutory rule represented the inteiition of most testators who failed in their wills to give other directions for estate tax apportionment. (See Combined Reports of Decedent Estate Comm., Reprint, p. 338.) There has been some disagreement with the Foley Commission’s conclusion. (See Sixth Report [1967] Bennett *518 Commission on Estates [App. L-l; Not a Recommendation of the Commission on Estates], pp. 253-266.) Whatever the fact, testators and their draftsmen have been on notice for 44 years that the statutory rule requiring each beneficiary to pay his share of the taxes will apply unless a specific direction otherwise to apportion taxes is included in the will. A legatee of tangible personal property such as jewelry, fur coats etc. will be required to contribute to the estate tax as "will all legatees of dollar dispositions and all devisees of real property. If testator wishes to exonerate any such dispositions he must so provide in explicit terms in his will.
The present tax apportionment statute EPTL 2-1.8 (as did its predecessor Decedent Estate Law, § 124) provides: (a) that the statutory rule of “ burden-on-the-recipient ” shall apply unless testator “otherwise directs in his will” (subd. [a]); (b) that such an “otherwise direction” "will apply only to property passing under the will and not to property passing outside the will unless testator specifies his intention to exonerate such nontestamentary property (subd. [d]); and (c) that any exemption or deduction allowed under the estate tax laws (e.g. marital deduction, charitable deduction, insurance deduction, etc.) shall inure to the benefit of the recipient of such disposition/ or nontestamentary benefit “ unless otherwise provided in ,the will ” (subd. [c], par. [2]; emphasis added). The italicized provision is emphasized for it is presumed that all testators desire whenever possible to preserve all allowable estate tax exemptions and deductions. This is particularly true of the substantial allowable marital and charitable deductions.
With respect to such deductions, it is observed:
1. When the will does not include any tax exoneration provision and the statutory rule of “burden-on-the-recipient” applies, a disposition to a surviving spouse or a charity will receive the benefit of the tax deduction by virtue of the express provision of the tax apportionment statute (EPTL 2-1.8, subd. [e], par. [2]). That statute directs that the marital deduction or charitable deduction “ shall inure to the benefit ” of the spouse or charity. This is as it should be. Such qualified dispositions are deducted from the gross estate reducing the taxable estate to those assets passing to beneficiaries other than the spouse or charity. In consequence total estate taxes are reduced and the. taxes as reduced are apportioned solely against the recipients of dispositions not entitled to the marital or charitable deduction.
*519 2. When the will contains a tax exoneration clause exonerating only specified dispositions, whether so exonerated or not, a disposition to the spouse or charity is exonerated by the express provision of the statute (EPTL 2-1.8, subd. [c], par. [2]). The other recipients bear the burden of the estate tax on the specifically exonerated dispositions.
3. When the will contains a general tax exoneration provision directing that all estate taxes be paid out of the ‘1 residuary estate ”, “ general estate ”, “ principal of the estate ” or words of like import, such a direction for reasons detailed infra does not exonerate a residuary disposition or multiple intra-residuary dispositions. Within the residuary the tax apportionment statute (EPTL 2-1.8) must be applied. The executor is required first to compute the estate tax on the preresiduary dispositions, and deduct that sum “off the top” of the residuary thus reducing the residuary estate.
When the residuary includes a pecuniary disposition in a fixed sum qualifying for the marital or charitable deduction, such disposition will pay no part of the estate taxes. The remaining nonexonerated intra-residuary dispositions will bear the burden of all estate taxes including those on the exonerated preresiduary disposition and those on the residuary dispositions. This again is by virtue of the tax apportionment statute (EPTL 2-1.8, subd. [c], par. [2]) which directs that all tax deductions shall inure to the benefit of the qualifying dispositions.
A somewhat different consequence results when the will contains a general tax exoneration provision directing that all taxes shall be paid out of the “ residuary estate ”, the “ general estate ” or words of like import and the residuary contains multiple residuary dispositions m fractional shares including such an intra-residuary disposition to a spouse or charity. As noted, for reasons soon to be discussed, the general tax exoneration provision is held to exonerate only preresiduary dispositions and not intra-residuary dispositions. The executor is first required to compute the estate taxes on the preresiduary dispositions and deduct that sum “ off the top ” of the residuary estate. The residuary estate is reduced by the amount of such taxes. In consequence the beneficial share of each fractional intra-residuary beneficiary, including the share of the spouse or charity is reduced. Observe that estate taxes are not apportioned against the fractional marital or charitable share. These are simply reduced in amount. By virtue of the tax apportionment statute (EPTL 2-1.8, subd. [c], par. [2]) the marital and *520 charitable deduction, although in a reduced amount, inures to the benefit of the qualifying spouse or charity. The non-exonerated intra-residuary dispositions bear part of the burden of the estate tax on the preresiduary and the total burden of such taxes on the intra-residuary nonqualifying dispositions.
We consider the principles governing the construction of general tax exoneration provisions directing that estate taxes be paid out of the “ residuary estate ”, “ general estate ”, etc.
In general experience, the residuary is the largest part of the estate and is generally disposed of to the next of kin, often the spouse. Because it disposes “ of all the rest of my property ” it is usually an indefinite sum disposed of in fractional shares rather than fixed pecuniary sums. Also, as previously mentioned it is presumed that testators desire to take full advantage of all available tax deductions in marital and charitable residuary dispositions. As with the construction of all dispositions, testator’s intention governs construction of tax exoneration provisions. The constructional preference is toward favoring the spouse and toward limiting estate taxes.
That principle is obliquely expressed in the leading case of Matter of Shubert (10 N Y 2d 461). Mr. Shubert’s tax apportionment clause, like Mr. Olson’s, directed that all estate taxes “ shall be paid out of my residuary estate.” The court said (p. 471): “Numerous cases have held that tax clauses similar to Shubert’s do not amount to unambiguous directions against intra-residuary apportionment, and that a general direction that all estate or inheritance taxes be paid out of the residue is not the equivalent of a direction against proration within the residue itself nor a command that taxes be treated as administration expenses (Matter of Mattes, 205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942; Matter of Paine, 7 Misc 2d 795, affd. 3 AD 2d 736, affd. 3 N Y 2d 741; Matter of Coulter, 11 Misc 2d 851, affd. 4 A D 2d 1019, motion for leave to app. den. 5 A D 2d 814, 4 N Y 2d 676; Matter of Foss, 29 Misc 2d 876; Matter of Williams, 12 Misc 2d 136; Matter of Myers, 7 Misc 2d 664; Matter of Bacon, 6 Misc 2d 243; Matter of Slade, 4 Misc 2d 616; Matter of Parmele, 3 Misc 2d 1011; Matter of Campe, 205 Misc. 699; Matter of Heit, 26 Misc 2d 774; see, also, Matter of Hirsch, 31 Misc 2d 292; Matter of Bayne, 31 Misc 2d 296; Matter of Pratt, 31 Misc 2d 300; Matter of Shanberg, 31 Misc 2d 303; Matter of Hoffman, 31 Misc 2d 299; ALR 2d [1960 Supp. Serv.], p. 2683). Each of these cases holds that the testator’s direction that all estate or transfer taxes (whether on transfers of property passing under the will or *521 otherwise) be paid from the residue is an expression of his intent that pre-residuary gifts be exonerated from tax, and that so much of the tax as is attributable to those bequests be charged against the residuary estate before computation of the residuary shares of the respective legatees. The direction cannot be read as a mandate that the portion of the tax attributable to the residuary assets is not to be apportioned in an equitable manner among the recipients of such residuary gifts (Matter of Coulter, 11 Misc 2d, supra, pp. 852-853; Matter of Smithers, 15 Misc 2d 701, 703). The clause in issue herein fits within the ambit of the cases cited and, standing alone, does not constitute an unambiguous direction.”
In Matter of Kindermann (21 N Y 2d 790, revg. 27 A D 2d 856 on the dissenting opinion below of Judge Christ joined by Judge Rabin) all the courts agreed that a direction to pay taxes out of the residuary estate exonerated only the preresiduary dispositions and required the tax on the intra-residuary dispositions to be apportioned under the statutory formula of “burden-on-the-recipient.” The disagreement was over which of multiple residuary dispositions constituted the “ residuary estate.” (See, also, Matter of Jaret, 44 Misc 2d 262, affd. 24 A D 2d 479, affd. 17 N Y 2d 450; Matter of St. George, 61 Misc 2d 749.)
We examine the executor’s account. The total of all estate taxes, Federal and State is roughly $128,000.
The executor as required first computed the estate tax on the preresiduary dispositions at $68,000. In consequence, the 55% intra-residuary dispositions to the “family” are reduced by $37,000 (55% of $68,000) and the 45% intra-residuary dispositions to the charities are reduced by $31,000 (45% of $68,000). The “ family ’ ’ beneficiaries concede that thus far, the executor is correct.
The executor then computed the estate tax on the “ reduced ” residuary at roughly $60,000. Since 45% of the residuary represented dispositions qualified for the charitable deduction the gross residuary of $470,000, was reduced to a taxable residuary of $258,500 ($470,000 reduced by 45% charitable dispositions). The estate tax of. $60,000 was apportioned solely against the 55% “family” intra-residuary dispositions. This is the correct method of apportionment required by the statute (EPTL 2-1.8, “burden-on-the-recipient”) and the cited decisions.
In consequence however the 55% of “ family ” intra-residuary dispositions is reduced by $97,000 (55% of preresiduary taxes *522 of $37,000 plus 100% of residuary taxes of $60,000). The 45% charity intra-residuary dispositions are reduced by $31,000 (45% of tax on preresiduary dispositions). No part of the tax on the residuary is apportioned against the charities since by virtue of the tax apportionment statute (EPTL 2-1.8, subd. [c], par. [2]) the charitable deduction inures to the benefit of the charity recipients.
4. The will may contain a tax exoneration provision directing that all estate taxes be deducted off the top of the residuary before computing the intra-residuary shares. If the residuary contains marital or charitable dispositions, such a direction will result in the loss of part of the marital or charitable deduction. Few testators intend such a consequence and courts .have rarely construed a tax direction as so requiring.
Nevertheless, if the tax exoneration provision directs that all estate taxes be paid as an “ expense of administration,” such a provision is construed as a direction to pay taxes “ off the top ” of the residuary. (See, e.g., Matter of Bellinger, 27 N Y 2d 873; Matter of Dulles, 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681.)
As noted, such a direction necessarily causes a loss of part of the marital or charitable deduction. On occasion it may wipe out the entire residuary destined for a spouse or charity. (Fisher, Human Drama in Death and Taxes, Trusts and Estates, Nov. 1967, p. 987.) The tax laws provide that if the estate tax is payable in whole or in part out of a qualifying marital disposition (Internal Eevenue Code, § 2056, subd. [b], par. [4], cl. [A] [U. S. Code, tit. 26]), or out of a qualifying charitable disposition (Internal Eevenue Code, § 2055, subd. [c] [IT. S. Code, tit. 26]), then the amount deductible shall be the amount of such disposition reduced by such taxes. This requires a complex computation: the tax depends on the amount of the qualifying disposition and the amount of such disposition depends in turn on the amount of the tax. This mathematical computation is referred to as “ mutually dependent indeterminates.” The Federal Tax Eeturn (Supplemental Instructions for Form 706 for Computation of Interrelated Death Taxes and Marital or Charitable Deductions) contains several pages of closely printed material describing the computation formula. It must be repeated separately for State estate tax computation. This court has done so. Eoughly in this case, the 55% “family” share would be increased by $21,000, the charities would receive $31,000 less and the estate tax increased by $10,000.
*523 However, Mr. Olson’s direction that estate taxes “be paid out of my residuary estate ” is not -a direction to pay such taxes “off the top” of the residuary.
It is construed as a direction to pay out of the residuary only such taxes on the preresiduary dispositions. The statutory formula must be applied to the intra-residuary dispositions with the charitable deduction inuring to the benefit of the charitable residuary beneficiaries.
All objections to the account are dismissed including the objection that the tax apportionment statute denies to the “family” beneficiaries equal protection of the laws under the Constitution of the United States. (Y. M. C. A. v. Davis, 264 U. S. 47, 51; Edwards v. Slocum, 264 U. S. 61, 63; Riggs v. Del Drago, 317 U. S. 95, revg. 287 N. Y. 61 mainly on the dissent of Judge Desmond.)
The account as filed is settled.