In the Matter of the Construction of the Will of Jesse H. Leonard, Deceased. Merle Welch et al., Appellants. State Bank of Albany et al., Respondents.

Third Department, August 13, 1959.

*Mackrell, Ranney & Rommel* (*Warren W. Rommel* of counsel), for appellants.

*Wiswall, Wood, Olson & Gordon* for State Bank of Albany, respondent.

GIBSON, J. Appeal is taken from a decree which construed paragraph " First " of testator's will as containing a valid direction for the payment from the residuary estate of all Federal and New York estate taxes assessed upon property passing under the will, without apportionment of such taxes among the beneficiaries concerned (Decedent Estate Law, § 124) but held that there was no direction for like payment, without apportionment, of the taxes upon certain nontestamentary transfers of joint bank accounts and life insurance. The appeal is from the latter holding, the appellants being the residuary legatees under the will of Josephine M. Johnston, the joint tenant of the bank accounts and the beneficiary of the life insurance, who survived testator but subsequently died. The clause construed by the Surrogate provides: " FIRST: I direct my executors hereinafter named to pay all of my just debts, funeral and administration expenses, including such estate and inheritances [sic] taxes as may be assessed against my estate ".

Subdivision 1 of section 124 of the Decedent Estate Law provides that the estate tax " shall be equitably apportioned among the persons interested in the gross tax estate ", unless by will or nontestamentary instrument the decedent shall have otherwise directed. Subdivision 4 of the same section provides: " 4. Any direction as to apportionment or non-apportionment of the tax, whether contained in a will or in a non-testamentary instrument, shall be limited in its operation to the property passing thereunder unless such will or instrument otherwise directs."

The Surrogate correctly held that testator had directed payment from his estate, without apportionment, of the taxes upon the property which passed under his will. " The grouping of the estate taxes with debts and administration expenses, which are ordinarily payable out of the general estate, is significant of the purpose of the [testator] to charge the taxes similarly." (Matter of James, 180 Misc. 441, 443, per FOLEY, S., affd. 267 App. Div. 761; Matter of Hund, 266 App. Div. 379.)

We find correct, also, the Surrogate's further conclusion that there was no direction against apportionment of the taxes upon the nontestamentary transfers. In Matter of Pepper (307 N. Y. 242, 250–251), it was said: " There is a strong policy in favor of statutory apportionment. Those who contend against apportionment must bear the burden of proof (Matter of Kaufman, 170 Misc. 436; Matter of Dettmer, 179 Misc. 844) and the direction in testator's will must be clear and unambiguous. As was said in Matter of Mills (189 Misc. 136, 141, affd. 272 App. Div. 229, affd. 297 N. Y. 1012, supra): ' In case of doubt as to what

the will means on the subject of taxes the statutory direction to apportion is absolute.' ''

The necessity of a direction against apportionment that will be both '' clear and unambiguous '' seems, in reason, even stronger in the case of taxable transfers *dehors* the instrument in which the supposed direction is sought and the language of subdivision 4, above quoted (added by L. 1950, ch. 822), lends support to that implication. We fail to find in this will the requisite clarity of direction as respects the nontestamentary dispositions.

The decree should be affirmed, with costs to party filing brief, payable from the estate.

BERGAN, J. P., COON and REYNOLDS, JJ., concur.

Decree affirmed, with costs to party filing brief, payable from the estate.