Loraine BRACK et al., Appellants,

v.

Mattie Hunter BRODBECK et al., Appellees.

No. 8025.

Court of Civil Appeals of Texas,
Texarkana.

March 30, 1971.

R. L. Whitehead, Sr. and R. L. White-head, Jr., Whitehead & Beckworth, Long-view, for appellants.

Hollie G. McClain, Gilmer, for appellees.

CHADICK, Chief Justice.

The single point of error of the appellants, Loraine Brack, Evelyn Willingham, Madison Hunter, and Glen Hunter is as follows, to-wit:

"The trial court erred in granting summary judgment for appellee because the language of the will in the instant case grants only a life estate without power of sale, and therefore appellants are entitled to judgment canceling the purported warranty deed and declaring such instrument to be of no force and effect."

The body of the Will referred to in the point is as follows:

"THAT WE, J. M. Hunter and Mattie Hunter, man and wife, of Upshur County, Texas, do hereby make and publish this our last will and testament, hereby revoking all wills by us heretofore made:

"1.

"We desire and direct that our bodies be buried in a decent Christianlike manner, suitable to our circumstances and conditions in life.

2.

"We desire and direct that our just and lawful debts be paid by our executor or executrix hereinafter named as soon after our death as convenient.

STATEMENT

"J. M. Hunter was heretofore married to Vallie Ellington and we had four children, viz: Madison Hunter, Glen Hunter, Lorine Hunter Brack and Evelyn Dell Hunter Willingham.

"Upon the death of my first wife, Vallie, I, as community administrator, sold a certain tract of land in the Pattonfield community for $2500.00. I have heretofore paid to Madison Hunter $325.00, representing his share of his mother's estate. I still owe Glen Hunter, Lorine Hunter Brack and Evelyn Dell Hunter Willingham for their interest in their mother's estate, to-wit, $325.00 each. This money was invested by me in the place we, Mattie Hunter and myself, now own near Suffolk.

"That Mattie Hunter invested $1,000.00 of her separate funds in the place we now own at Suffolk.

3.

"Should I, J. M. Hunter, precede my wife, Mattie Hunter, in death, then and in that event it is my will and desire that she, the said Mattie Hunter, pay to Glen Hunter, Lorine Hunter Brack and Evelyn Dell Hunter Willingham the sum of $325.00 each, or a total of $975.00, being the amount of money which I consider I owe them on account of having sold their interest in their mother's property in the Pattonfield community.

4.

"It is also my will and desire that my wife, Mattie Hunter, pay to our children, Melba Rosa Hunter Green, James Lyn-

dell Hunter and Merlin Bryant Hunter, jointly, the sum of $1,000.00, share and share alike, being the amount of money put into the purchase of our property we now own at Suffolk by Mattie Hunter.

5.

"I, J. M. Hunter, hereby give and bequeath to my wife, Mattie Hunter, after the payment of the $975.00, provided for in paragraph 3 hereof, and the payment of the $1,000.00 provided for in paragraph 4 hereof, all the rest and residue of our community property of every kind and character and wheresoever situated, to be used, managed and controlled by her as she may see fit and proper, and upon her death any and all of said property then on hand shall pass to Madison Hunter, Glen Hunter, Lorine Hunter Brack, Evelyn Dell Hunter Willingham, Melba Rosa Hunter Green, James Lyndell Hunter and Merlin Bryan Hunter, share and share alike.

6.

"That should I, Mattie Hunter, wife of J. M. Hunter, precede J. M. Hunter in death, then and in that event it is my will and desire and I hereby direct that J. M. Hunter pay to Glen Hunter, Lorine Hunter Brack and Evelyn Dell Hunter Willingham the sum of $325.00 each, or a total of $975.00, being the amount of money he owes said children by reason of having sold their interest in their mother's property in the Pattonfield community.

7.

"It is also my will and desire and I direct that J. M. Hunter pay to our children, viz: Melba Rosa Hunter Green, James Lyndell Hunter and Merlin Bryan Hunter the sum of $1,000.00, share and share alike, same being the amount of money I invested in our properties at Pattonfield.

8.

"I, Mattie Hunter, hereby give and bequeath to my husband, J. M. Hunter, after the payment of the $975.00, provided for in paragraph 6 hereof, and after the payment of the $1,000.00, provided for in paragraph 7 hereof, all the rest and residue of our community property of every kind and character and wheresoever situated, to be used, managed and controlled by him as he may see fit and proper, and upon his death any and all of said property then on hand shall pass to Madison Hunter, Glen Hunter, Lorine Hunter Brack, Evelyn Dell Hunter Willingham, Melba Rosa Hunter Green, James Lyndell Hunter and Merlin Bryan Hunter, share and share alike.

9.

"If I, J. M. Hunter should die first; then and in that event I hereby constitute and appoint my wife, Mattie Hunter, executrix of this, my last will and testament, and direct that no bond be required of her as such.

10.

"If I, Mattie Hunter, should die first, then and in that event I hereby constitute and appoint my husband, J. M. Hunter, executor of this, my last will and testament, and direct that no bond be required of him as such.

11.

"It is our will and desire that no action be had in the probate court in connection with our estates other than to probate this will and return an inventory, appraisement and list of claims of our estate."

The deed in question is a general warranty deed from Mrs. Mattie Hunter Brodbeck to James Lyndell Hunter, wherein an aggregate of approximately 58 acres of land is described. The deed is recorded in Volume 318, at page 28, Deed Records, Upshur County. The deceased J. M. Hunter's surviving wife, Mattie Hunter, has remarried and appears in this record as Mattie Hunter Brodbeck.

The appellants sued Mattie Hunter Brodbeck and James Lyndell Hunter in the District Court of Upshur County, Texas, on the theory that the deed cast a cloud on their title to the land, and prayed that it be declared a nullity and removed.

■ The primary objective in the construction of a will is to ascertain the intent of the testator.[1] 61 Tex.Jur.2d Wills, Secs. 144–145 (1964). The question presented by the appellants' point of error draws specific attention to paragraph 5 of the will. The language of such paragraph considered in context with the remainder of the will must be analyzed to determine whether or not the will, in the words of the point of error, "grants only a life estate without power of sale." In paragraph 5, J. M. Hunter, the testator, refers to the "rest and residue of our community property of every kind and character." Clearly, he had in contemplation something more than real property; and the sweep of this language includes money and all other forms of personal property. All of this property he bequeathed to his wife, Mattie Hunter, "to be used, managed and controlled by her as she may see fit and proper." In the same sentence the testator provides that all of such property on hand at the time of Mattie Hunter's death "shall pass to" persons thereafter named.

■ The unrestricted right to use property as the user sees fit and proper embraces authority to dispose of it. This is easily understood when the nature of the property is such that use consumed or exhausts the corpus of the gift, or its use necessitates its disposition. But it also appears logically correct that use as the donee sees fit may include disposition of the corpus when the donee deems that a proper use. Likewise, disposition of the corpus of the gift falls well within the comprehensive meaning of management and control as the user sees fit and proper. A construction that the testator intended to give Mattie Hunter an estate in fee and not merely a life estate in the land is aided and virtually dictated by the provision that only such of the property that is on hand at the time of Mattie Hunter's death shall pass to others named as secondary beneficiaries. This latter provision attests and confirms that the preceding language in the sentence was intended, so far as land is concerned, to vest in Mattie Hunter an estate in fee, determinable as to land on hand at the time of Mattie Hunter's death.

■ In accordance with the foregoing analysis, it must be held that the interest vested in Mattie Hunter was a limited fee estate,[2] sometimes called a fee simple determinable and not a "life estate without power of sale." This conclusion is supported by the reasoning of Woodleff v. Clay, 71 S.W.2d 600 (Tex.Civ.App., Texarkana, 1934 no writ); McFarland v. Phillips, 253 S.W.2d 953 (Tex.Civ.App. Fort Worth, 1952 wr. ref'd, n. r. e.); Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374 (Tex.Com. App.1937); Darragh v. Barmore, 242 S.W. 714 (Tex.Com.App.1922); Cottrell v. Moreman, 136 S.W. 124 (Tex.Civ.App.1911); McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Orr v. O'Brien, 55 Tex. 149.

1. A general statement of Rules and Canons of Construction may be found in 61 Tex. Jur.2d, Secs. 128–143 (1964).

2. For a definition and classification of this and other estates in land see 1 Restatement of the Law of Property, Sec. 47 (1936); 28 American Jur.2d Estates Sec. 25 (1966); 31 C.J.S., Estates § 10 (1964).

The appellants cite and rely on Hobson v. Shelton, 302 S.W.2d 268 (Tex.Civ.App. Waco, 1957, wr. ref'd, n. r. e.); Ellis v. Bruce, 286 S.W.2d 645 (Tex.Civ.App. Eastland 1956, wr. ref'd, n. r. e.); Lockett v. Wood, 84 S.W.2d 798 (Tex.Civ.App. Galveston, 1935, no writ); Wagnon v. Wagnon, 16 S.W.2d 366 (Tex.Civ.App. Austin 1929, writ ref'd, n. r. e.); and Hughes v. Beall, 264 S.W. 171 (Tex.Civ. App.Texarkana 1924, writ ref'd). These cases are distinguishable from this under review because in such cases the court held the intent of the testator was to vest a life estate in the beneficiary. The will in the instant case vests an estate of a different character.

The judgment of the trial court is affirmed.