**David Elmer BARKER, William Key Barker and Robert Charles Barker, Appellants,**

v.

**Gail Anne ROSENTHAL, Individually and as Administratrix With Will Annexed of the Estate of Bernice Barker Gale, Deceased, Appellee.**

No. 01–93–00441–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 5, 1994.

Jon Miller, Bryan, for appellants.

C. Leroy Melcher, Houston, for appellee.

Before HUTSON–DUNN, DUGGAN and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellants, David, William, and Robert Barker (the Barkers), appeal from a summary judgment in favor of the appellee, Gail Rosenthal. Rosenthal filed a petition for declaratory judgment asking for construction of the will of Bernice Barker Gale, deceased. On Rosenthal's motion for summary judgment, the trial court found that the decedent's residual estate passed to Rosenthal as a fee simple determinable. In one point of error, the Barkers argue that the trial court erred in granting the summary judgment or, in the alternative, in denying their motion for summary judgment. We affirm.

Rosenthal's motion for summary judgment argued that the will created a fee simple determinable interest in her. The Barkers did not file a response to this motion but instead filed their own motion for summary judgment. They argued that the will created a life estate in Rosenthal with a vested remainder in them.

The relevant sections of the will are as follows:

*SIXTH:* I give, devise, and bequeath all the rest and residue of my estate, both real, personal, and mixed or whatsoever nature, wheresoever situated and howsoever acquired, belonging to me at the time of my death to J.H. Creekmore, as Trustee, for the benefit of my daughter, Gail Anne Rosenthal, who was born on the 4th day of August 1941, ...

**THE POWERS, RIGHTS AND DUTIES OF THE TRUSTEE HEREUNDER SHALL BE AS FOLLOWS:**

(1) For that period of time commencing on the date of my death and ending on August 14, 1991 (the date of which she will attain the age of 50) to hold, manage, control, sell, ... and distribute the income from any property that shall be in his hand as trustee.

(1–a) To pay out such income, at such times and in such amounts as he shall deem proper, for the comfort and support of my said daughter, in keeping with her usual way of living; and if who shall die before August 14, 1991, expenditures of like nature be continued in behalf of her child or children (if there be such) during the remainder of the period.

(2) If her death comes before, August 14, 1991, to deliver, pay and convey to her children, if any share and share alike (per capita): if no such children be living,

equally to my three nephews, David Elmer Barker, William Key Barker, and Robert Charles Barker to inherit under the laws of decent and distribution, all of such trust as shall be in the hands of such trustee.

....

*NINTH: When my daughter, Gail Anne Rosenthal becomes 50, August 14, 1991 she shall receive the estate using it cautiously and will the remains, to be left to my three nephews, David Elmer Barker, William Key Barker, and Robert Charles Barker.*

(Emphasis added.)

■ The standards for reviewing a motion for summary judgment are well established. The movant has the burden of showing that there is no genuine issue of material fact such that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). On appeal, evidence favorable to the nonmovant will be taken as true; every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

■ The foremost objective in construing a will is to ascertain the testatrix's intent. *Gee v. Read,* 606 S.W.2d 677, 680 (Tex.1980). The court must ascertain the intent of the testatrix by examining the entire will. *Bergin v. Bergin,* 159 Tex. 83, 315 S.W.2d 943, 946 (1958). Intent should be determined from the four corners of the instrument based on the express language chosen by the testatrix. *Henderson v. Henderson,* 728 S.W.2d 768, 770 (Tex.1987). An appellate court must give the words in a will their normal meaning, in light of the testatrix's intent. *Kaufhold v. McIver,* 682 S.W.2d 660, 667 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

The Barkers urge that the will is ambiguous as a matter of law. An ambiguity exists in a will "only when the language used is susceptible of more than one interpretation." *Knesek v. Witte,* 715 S.W.2d 192, 197 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ In resolving this issue, we will address the Barkers' arguments that they claim show ambiguity as a matter of law. The use of the words "give, devise and bequeath" in the residuary clause of the will, which creates a trust in behalf of Rosenthal, and the failure to use these words in the ninth paragraph of the will, does not create an ambiguity, as the Barkers assert. The ninth paragraph of the will merely states *how* Rosenthal is to use and dispose of the property. It is not a grant.

Further, the Barkers claim the will is ambiguous because of the testatrix's intent "that her residuary estate always be kept intact for the blood relatives," is unfounded. There is no evidence of this intent in the will.

■ Finally, the Barkers argue that the absence of the words "if any," after the term "remains," must create an ambiguity regarding the nature of the grant to Rosenthal. An analysis to determine whether a will is ambiguous may not be based on terms that are not included in the instrument. *See Frost Nat'l Bank v. Newton,* 554 S.W.2d 149, 153 (Tex.1977). The Barkers do not point to any specific words or language within the will that they claim is ambiguous. They make inferences of ambiguity based only on what is *not* contained in the will. After a careful reading, we find that, as a matter of law, the will is not ambiguous.

■ The Barkers argue next that the trial court erred in finding that the ninth paragraph of the will provision created a fee simple determinable. They contend that the ninth paragraph should be interpreted to create a life estate in Rosenthal with a vested remainder in themselves.

In 34 Tex.Jur.3d, *Estates* § 8 (1984) it is said:

[A determinable fee estate] is a fee that may never terminate or that may be terminated in accordance with the instrument that created the estate. Although an estate in fee simple is granted, the estate may be limited by a subsequent valid provision that the estate shall go over to others on the happening of a certain contingency. The estate, when so limited, is still a fee, for the reason that it will last

forever if the contingency does not happen. . . .

The taker of a qualified fee enjoys all the rights of a holder of a fee simple absolute, including the power of alienation. His grantee then takes subject to the conditional limitation.

(citing *Cragin v. Frost Nat'l Bank*, 164 S.W.2d 24, 28 (Tex.Civ.App.—San Antonio 1942, writ ref'd w.o.m.); *Big Lake Oil Co. v. Reagan County*, 217 S.W.2d 171, 173 (Tex. Civ.App.—El Paso 1948, writ ref'd); *Hanks v. Magnolia Petroleum Co.*, 14 S.W.2d 348, 351 (Tex.Civ.App.—Eastland 1928), *aff'd*, 24 S.W.2d 5 (Tex.1930). *See also Dallmeyer v. Hermann*, 437 S.W.2d 367, 369–70 (Tex.Civ. App.—Houston [14th Dist.] 1969, no writ).

In *Brack v. Brodbeck*, 466 S.W.2d 600, 603 (Tex.Civ.App.—Texarkana 1971, no writ), the court found that a bequest was a fee simple determinable where the will bequeathed the testator's property to his wife "to be used, managed and controlled by her as she may see fit and proper," and that all of the property on hand at her death would pass to certain remaindermen. The court held these words gave her the right to dispose of the corpus and further, the provision leaving to the remaindermen all the property "on hand" at the time of her death disclosed the intent to vest the property in fee simple determinable in the wife with the property remaining at her death to pass to others as directed by the testator. *Id.*

In *First National Bank v. DeFoe*, 384 S.W.2d 926, 928 (Tex.Civ.App.—Waco 1964, writ ref'd), the Waco court reversed the trial court's finding that the will created a life estate. They found a fee simple determinable because the words "if any such estate remains after the death of the Tatums" qualified the disposition that the Tatums could make of the property after their death.

In *Singer v. Singer*, 150 Tex. 115, 237 S.W.2d 600, 605 (1951), the will stated, "that portion of my estate which has been distributed to them and of which they may die seized and possessed shall pass to and vest in their respective natural child or children, share and share alike." *Id.* 237 S.W.2d at 604. The Court found this to be a fee simple determinable; the condition being that if he should die "seized and possessed" of any of the property he received from the will, then that property would vest in the children at the testator's direction. *Id.* at 605.

As a matter of law, we find Rosenthal owns a determinable fee as in *Brack* and *Singer* discussed above. "Remains" is defined as "[a]ll that is left after other parts have been taken away, used up, or destroyed." WEBSTER'S II, NEW RIVERSIDE UNIVERSITY DICTIONARY 993 (1984). The term "will the remains" implies that Rosenthal would own the interest such that it would pass through her estate. The testatrix intended for Rosenthal to have full power of disposition during her life but to use the power "cautiously". Reading this term together with "will the remains" shows the testator's intention that Rosenthal's estate is based on the condition that if any property remains at Rosenthal's death, it should be distributed to the Barkers as determined by the testatrix, rather than descend to Rosenthal's heirs. *Singer*, 237 S.W.2d at 605; *Brack*, 466 S.W.2d at 603.

Texas law favors the first taker under a will and construes "the words of a will so as to grant to the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing." *Hudspeth v. Hudspeth*, 756 S.W.2d 29, 33 (Tex.App.—San Antonio 1988, writ denied); *Killough v. Shafer*, 358 S.W.2d 748, 749 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.).

We hold as a matter of law that, under the terms of the will, Rosenthal receives a fee simple determinable.

We affirm the judgment.