OPINION OF THE COURT
Renee R. Roth, S.
The issue in this proceeding to construe an inter vivas trust agreement is whether estate taxes resulting from the grant- or’s death should be apportioned among the beneficiaries or paid "off the top”.
Natalie P. Hoffman died on October 19, 1993 leaving a will dated April 18, 1989 and a revocable trust for her life income benefit, first executed on June 30, 1972 and last ratified at the same time the will was executed. Although such trust was amended on several occasions for purposes of changing beneficiaries and amounts of legacies, it always retained the original tax clause and the same basic structure.
After its final amendment on April 18, 1989, the agreement provided that the trust property on Mrs. Hoffman’s death was to be paid as follows: $1,000 to her housekeeper, $20,000 to her sister, $100,000 to her stepdaughter, and the balance to her nephew (one half), grandniece (one quarter) and grandnephew (one quarter).
Under her will, Mrs. Hoffman made two preresiduary bequests to her grandniece and left her residuary estate to the same relatives and in the same proportion as she provided in the trust indenture, namely her nephew (one half), grandniece (one quarter) and grandnephew (one quarter).
Both instruments have tax clauses. Unlike the clause in the will, however, which specifically exonerates the preresiduary *148 legacies, the tax clause in the trust does not, at first glance, specify the source from which the tax applicable to this fund should be paid as between the several dollar gifts and the fractional shares which constitute the remainder of the trust property.
From its execution, the trust instrument has provided, in relevant part, that the fund would bear its own estate tax: "The Trustees shall pay out of the trust property all estate, inheritance or other death taxes payable with respect to the trust property as a result of the Settlor’s death in the proportion that the value of the trust property bears to the total value of the Settlor’s gross estate for purposes of such taxes.” (Emphasis added.)
The will, on the other hand, provides that: "All estate, inheritance and other death taxes, (including interest and penalties, if any), together with all administration expenses, payable in any jurisdiction by reason of my death, including those taxes and expenses payable with respect to assets which do not pass under this will shall be paid out of and charged generally against my residuary estate. I waive any right of reimbursement for recovery of those death taxes and administration expenses”.
To the extent that the tax clause in Mrs. Hoffman’s 1989 will requires her executor to pay the estate taxes on any property passing outside the will, the tax directions contained in the 1972 trust agreement and in the will are inconsistent with one another. But despite this inconsistency, there is no controversy regarding the trust fund’s liability for its share of estate taxes, presumably because the residuary beneficiaries under the will are the same nephew, grandniece and grandnephew in the same fractional shares as provided for in the trust instrument. The only question presented to the court is whether the beneficiaries of the "balance” of the remainder of the trust fund must absorb the estate taxes occasioned by the dollar gifts.
We turn first to the law governing conflicting tax clauses in testamentary and inter vivas instruments which has itself seesawed in recent years. In 1983, the Court of Appeals, in Matter of Cord (58 NY2d 539), held that a direction to pay all estate taxes from the residuary in a will (executed 40 years after a trust indenture) prevailed over the direction in the trust indenture that required the trustee to pay the trust’s pro rata share of estate taxes. In 1986, the Legislature overruled *149 Cord by amending EPTL 2-1.8 (d) (L 1986, eh 480, § 1) to provide that, in order to prevail, a contrary tax clause in a later instrument must make specific reference to the tax direction in the earlier instrument. Clearly, such statute did not contemplate simultaneous executions and consequently does not govern where, as here, a will and a nontestamentary instrument are executed concurrently and neither mentions the contrary tax clause of the other. It is observed, however, that by reversing the primacy given by the Court of Appeals to a later will, the Legislature did not preclude consideration of the terms of a will which was executed simultaneously with a trust agreement.
Since EPTL 2-1.8 (d) is not applicable here, the general rules concerning tax apportionment must govern. EPTL 2-1.8 (c) directs that estate taxes are to be apportioned "unless otherwise provided” in the instrument. In determining whether decedent made an "otherwise” direction, both instruments are relevant in ascertaining her intent and over-all estate tax plan.
In searching for Mrs. Hoffman’s intent, the structure of article second of the trust indenture is important. Paragraph A directs the trustees, on the settlor’s death, to pay any administration expenses, preresiduary legacies and death taxes for which her probate estate is insufficient and to pay the trust’s pro rata share of estate tax "out of trust property”. Paragraph B provides for the three pecuniary legacies at issue. Paragraph C then gives the balance of the trust in fractional shares to the same three relatives who are the beneficiaries of the residuary under her will.
By first directing her trustees to pay "out of the trust property” the trust’s share of taxes and thereafter disposing of the remainder, Mrs. Hoffman made an "otherwise” direction (EPTL 2-1.8 [c]). The structure of the trust agreement, coupled with the tax clause in the will, both executed on the same day, compels the conclusion that decedent directed that the trust’s share of estate tax be paid "off the top” before payment of the pecuniary remainder interests (see, Matter of Leonard, 9 AD2d 1; Matter of James, 180 Misc 441, affd 267 App Div 761; Matter of Fitterman, NYLJ, Feb. 14, 1995, at 32, col 2).
This conclusion is supported by the fact that two instruments, both testamentary in nature and executed on the same day, were certainly not intended to conflict with each other. Indeed, Mrs. Hoffman treated the trust fund as an adjunct to *150 her estate by charging it with all excess administration expenses. Furthermore, the same persons who share the residuary estate under the will, after certain preresiduary bequests, also share in the same proportion the balance of the trust fund, after certain specific gifts. Thus, the provisions of the trust following the expiration of its term parallel the provisions of the will, namely specific gifts followed by a disposition of the balance in fractional shares (see, Matter of Kinderman, 21 NY2d 790; Matter of Olson, 77 Misc 2d 515, 519).
Based upon all the foregoing, it is concluded that Mrs. Hoffman directed that the trust’s share of the estate tax be paid as an expense of administration without apportionment.