**William D. PETERSON, et al., Appellants,**

v.

**Patricia E. MAYSE, et al., Appellees.**

No. 12–97–00247–CV.

Court of Appeals of Texas, Tyler.

March 31, 1999.

Rehearing Overruled June 17, 1999.

Pamela E. George, Jerry W. Neagle, Houston, for appellant.

Judith W. Lenox, Houston, for appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

**HADDEN, Justice.**

This is an appeal of a declaratory judgment construing the apportionment of death taxes provisions in the will of Paul Key Peterson, deceased. In its judgment the trial court construed the will so that nonprobate assets were proportionately burdened with death taxes. The judgment was favorable to petitioners below, Patricia Elizabeth Mayse and James John Zettel, who, along with several respondents below, are Appellees (Mayse, et al).[1] Appellants William Duncan Peterson and Rhonda Lee

---

1. The Appellees are Patricia Elizabeth Mayse, individually and as co-independent executor of the estate of Paul Key Peterson, deceased, and as co-trustee of any trust created under the Last Will and Testament of Paul Key Peterson; James John Zettel, as co-independent executor of the estate of Paul Key Peterson, deceased, and as co-trustee of any trust created under the Last Will and Testament of Paul Key Peterson; Michael Frances Zettel and Megan Ann Zettel; Katherine Elizabeth Treybig, Alyssa Nichole Saccomen; Patricia Elizabeth Mayse, as independent executrix of the estate of Modena Hodges Peterson, M.D., deceased; Matthew Loveall Peterson, Loretta Zettel, Kirsten Elise Zettel and Susan Leslie Saccomen.

Peterson ("Peterson, et al"),[2] who were beneficiaries of nonprobate assets, assign five points of error. Because we disagree with the construction placed upon the will by the trial court, we will reverse and render.

Paul Key Peterson ("decedent") died testate October 18, 1995. His will, dated May 16, 1991, was admitted to probate in Washington County, Texas. Letters testamentary were issued to Patricia Elizabeth Mayse and James John Zettel as co-executors. Decedent's taxable estate included substantial nonprobate assets,[3] such as life insurance proceeds and IRA funds, which were transferred to beneficiaries through instruments other than the will. A dispute arose among the beneficiaries over the apportionment of death taxes owed on decedent's estate. The parties agreed that the state and federal apportionment statutes control the apportionment of death taxes unless the decedent's will overrides the statute and provides otherwise. Mayse, et al claimed that the apportionment statutes have not been overridden by the will, and therefore, the nonprobate assets should be proportionately burdened with all death taxes liability. Peterson, et al disagreed claiming that the apportionment statutes were overridden by the death taxes provisions of the will, and that all death taxes should be paid from the assets described in the residuary clause of the will as directed by the decedent.

In its declaratory judgment, the trial court agreed with Mayse, et al and declared as follows:

. . .

It is ORDERED, DECREED and DECLARED that Paragraph 5, read together with Paragraph 10(E), of the Will of Paul Key Peterson is a general tax exoneration clause which makes no specific reference to nonprobate property and is, therefore, not sufficient to override the tax apportionment scheme as outline in Section 322A of the Texas Probate Code or Internal Revenue Code Section 2206 and is limited to the taxes attributable to the inclusion of *probate* assets in the gross estate of Paul Key Peterson.

. . .

(emphasis in original).

In issue one, Peterson, et al assert that the trial court wrongly determined, as a matter of law, that paragraph 5, together with paragraph 10(E), of the Will of Paul Key Peterson, are not sufficient to override the tax apportionment scheme outlined in section 322A of the Texas Probate Code or section 2206 of the Internal Revenue Code. In issue two, Peterson, et al, assert that no specific reference to nonprobate property is necessary to override the tax apportionment scheme as outlined in the Texas Probate Code or Internal Revenue Code. We will address these issues together.

Section 322A of the Texas Probate Code provides for a statutory manner to apportion estate taxes. Its pertinent provisions are as follows:

(b)(1) The representative shall charge each person interested in the estate a portion of the total estate tax assessed against the estate. The portion of each estate tax that is charged to each person interested in the estate must represent the same ratio as the taxable value of that person's interest in the estate included in

2. William Duncan Peterson, who was a respondent below, appears individually and as co-trustee of the Joshua Key Peterson Insurance Trust, the Amber Michelle Peterson Insurance Trust, the Katherine Elizabeth Treybig Insurance Trust, and the Alyssa Nichole Saccomen Insurance Trust (such Trust being formerly the Paul Key Peterson Family Trust of 1992 prior to division and separation); and

Rhonda Leigh Peterson, appears as next friend for Amber Michelle Peterson and Joshua Key Peterson, minors.

3. Mayse, et al represent to us in their brief that nonprobate assets accounted for 72% of the total gross estate.

determining the amount of the tax bears to the total taxable value of all the interests of all persons interested in the estate included in determining the amount of the tax.

. . .

(2) Subdivision (1) of this subsection does not apply to the extent the decedent in a written inter vivos or testamentary instrument disposing of or creating an interest in property specifically directs the manner of apportionment of estate tax or grants a discretionary power of apportionment to another person. A direction for the apportionment or nonapportionment of estate tax is limited to the estate tax on the property passing under the instrument *unless the instrument is a will that provides otherwise.*

. . .

TEX. PROB.CODE ANN. § 322A(b)(1), (2) (Vernon Supp.1999) (emphasis ours).

Section 2206 of the United States Code Annotated allows the executor of an estate to recover proportionate estate taxes from life insurance beneficiaries and provides as follows:

*Unless the decedent directs otherwise in his will,* if any part of the gross estate on which tax has been paid consists of proceeds of policies of insurance on the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the taxable estate. If there is more than one such beneficiary, the executor shall be entitled to recover from such beneficiaries in the same ratio. (emphasis ours)

. . .

I.R.C. § 2206 (1986).

Paragraph 5 and 10(E) of the decedent's will contain the pertinent provisions which direct the payment of death taxes. These provisions read as follows:

. . .

5. *Death Taxes, Debts and Expenses*– The Executor shall pay any death taxes out of my property passing under paragraph 2(C) hereof. All of my debts, funeral expenses, and expenses incurred in the administration of my estate paid by the executor shall be paid out of my property passing under paragraph 2(c) hereof.

. . .

10(E) *Death Taxes*–The term "Death taxes" shall refer to all estate, inheritance, and succession taxes, together with any interest or penalties thereon, which are assessed by reason of my death (other than any taxes imposed by Chapter 13 or Section 2032A of the Internal Revenue Code).

. . .

■ The controversy in this case is whether paragraphs 5 and 10(E) of decedent's will are sufficient to "otherwise" direct the payment of death taxes or whether death taxes are to be apportioned in accordance with the statute. Peterson, et al contend that paragraphs 5 and 10(E) of decedent's will represent a clear and unambiguous directive by the decedent that all death taxes should be paid out of the residuary probate estate as defined in paragraph 2(c). We agree.

■ This is a will construction case, and as such, the intent of the testator is of prime importance. *Sellers v. Powers*, 426 S.W.2d 533, 536 (Tex.1968); *Hancock v. Krause*, 757 S.W.2d 117, 119 (Tex.App.— Houston [1st Dist.] 1988, no writ). The court's function is to discover from the language of the will the intent of the testator and, having discovered it, to give it effect. *Haile v. Holtzclaw*, 414 S.W.2d 916, 922 (Tex.1967). However, in construing a will, "the intent must be drawn from the will, not the will from the intent." *Huffman v. Huffman*, 161 Tex. 267, 339

S.W.2d 885, 888 (1960). No presumption can supplant plain and unambiguous language. *Formby v. Bradley,* 695 S.W.2d 782, 784 (Tex.App.—Tyler 1985, writ ref'd n.r.e.); *Casey v. Kelley,* 185 S.W.2d 492 (Tex.Civ.App.—Fort Worth 1945, writ ref'd). The parties agree that the pertinent will provisions are unambiguous. Thus, the trial court did not admit any extrinsic evidence bearing on the intent of the testator. When a will is unambiguous, its proper construction is a question of law for the court to determine. *Floyd v. Floyd,* 813 S.W.2d 758, 759–60 (Tex.App.—El Paso 1991, writ denied).

Both parties have characterized this controversy as a case of first impression. Indeed, no Texas cases were found interpreting the relevant portions of section 322A of the Probate Code. We are therefore urged by the parties to seek guidance from other jurisdictions; in their briefs, they have cited numerous cases from sister states which have addressed this issue. It appears from our review of those cases that the statutory provisions regulating apportionment, the tax apportionment clauses contained in the wills, and the analysis made by the courts are almost as diverse as the number of cases cited. However, the consistency which emanates from those cases is that apportionment of death taxes among both probate and nonprobate assets is the general rule to which exception is to be made only when there is a direction to the contrary in the will. Also, practically all of the cases agree that a directive against apportionment should be expressed in clear and unambiguous language. *Cf. In re Estate of Armstrong v. Wells Fargo Bank American Trust Co.,* 56 Cal.2d 796, 17 Cal.Rptr. 138, 366 P.2d 490 (1961); *In re Estate of Leonard,* 9 A.D.2d 1, 189 N.Y.S.2d 422 (1959); *In re Halle's Will,* 270 A.D. 619, 61 N.Y.S.2d 694 (1946); *In re Estate of Olson,* 77 Misc.2d 515, 353 N.Y.S.2d 347 (1974). Also, as contended

by Appellees, there appears to be a trend in other jurisdictions, either by statutory amendment or case law construction to require a testamentary nonapportionment directive to be specific in exonerating nonprobate assets from the burden of death taxes. *In re Estate of Ogburn v. Ogburn,* 406 P.2d 655 (Wyo.1965).

Nevertheless, while we are mindful of these authorities from other jurisdictions, this court's task, to construe the actual language which decedent used in his will, remains. The Texas apportionment statute states that it does not apply to the extent that the decedent in a will specifically directs the manner of apportionment. It further states that a direction for apportionment or nonapportionment is limited to the estate tax on the property passing under the instrument *unless the instrument is a will that provides otherwise.* In the instant case, the decedent defined death taxes as *all* estate, inheritance and succession taxes which are assessed *by reason of my death.* The broad meaning, therefore, of this definition is that the term "death taxes" would include death taxes assessed against nonprobate assets. The decedent then directed that the executor shall pay *any death taxes* out of a specified part of his estate, that is, the residuary estate as provided for in paragraph 2(c) of his will.[4] Such language was a specific direction as to the manner of payment of decedent's death taxes and, therefore, reading paragraph 5 along with the definition in paragraph 10(E), the decedent has *provided otherwise.* It is true that nothing in the will expressly exonerates the nonprobate property from the burden of death taxes; however, the statute does not make such a requirement as Appellants urge. In our view, a few simple words may suffice provided that the language sufficiently and clearly indicates the decedent's intent. No presumption can supplant plain and unambiguous language.

**4.** Paragraph 2 of decedent's will which includes the residuary clause is attached to this opinion as Appendix 1.

*See Formby*, 695 S.W.2d at 784. Further, section 2206 of the Internal Revenue Code also provides that apportionment does not apply if the decedent "directs otherwise in his will."

■ Appellees urge us to hold that a decedent must expressly state that the nonprobate assets are freed from the burden of death taxes. Drafting the will in this manner may be an improvement over the language used in the instant case. The trial court cited such a requirement as a basis for his holding. However, Appellees support this assertion with no case law or statutory authority showing such requirement in Texas. We may not give an unambiguous will a meaning different from that warranted by its words merely to carry out a hypothesis as to the decedent's intention. *Moore v. Reed*, 668 S.W.2d 847, 850 (Tex.App.—El Paso 1984, writ ref'd n.r.e.). Thus, we hold that the directive of the decedent represents a clear and unambiguous directive overriding the apportionment statute and that the clear intent of the decedent was to pay all death taxes assessed against his entire estate out of the residuary probate estate as defined in paragraph 2(C) of decedent's will. We further hold that no specific reference to the nonprobate property is necessary to override the tax apportionment provision of the Texas Probate Code or Internal Revenue Code.

Appellant represents to us that burdening the residuary estate with the entire death tax liability would not fully resolve the issues presented in the instant matter because the residuary estate would be insufficient to satisfy the death taxes. We are invited to decide whether or not the apportionment statute would then apply to the deficiency. The trial court has not yet addressed that issue, and we decline to do so. Appellants first and second issues are sustained.

■ In issue four, Peterson, et al challenged the $30,000 attorneys' fees awarded

Mayse, et al in its judgment. Section 37.009 of the Texas Civil Practice and Remedies Code provides that in declaratory judgment proceedings the court may award costs and reasonable and necessary attorneys' fees as are equitable and just. The grant or denial of attorneys' fees in a declaratory judgment action lies within the discretion of the trial court and its judgment will not be reversed on appeal absent a clear showing that it abused that discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). Because the trial court erred in its judgment against Peterson, et al, it was not equitable and just to assess Peterson, et al with attorneys' fees. Therefore, the court abused its discretion in doing so. We sustain issue four.

Because of our holding, it will not be necessary for us to address issues three and five. The judgment of the trial court [5] is reversed and judgment is rendered that paragraph 5, when read together with paragraph 10(e) of decedent's will, is sufficient to override the tax apportionment scheme as outlined is section 322A of the Texas Probate Code and section 2206 of the Internal Revenue Code, and is not limited to the taxes attributable to the probate assets in the gross estate of decedent; that no payment of death taxes is required of beneficiaries of nonprobate assets unless the trial court below determines that the apportionment scheme of section 322A of the Texas Probate Code applies to a deficiency, if any; that no attorneys' fees shall be recovered by Mayse, et al against Peterson, et al; and that Mary Jo Holloway and William Kendall are awarded the sum of $3,000 each as attorneys' fees and expenses for serving as guardian ad litem for Katherine Elizabeth Treybig and Alyssa Nicole Saccomen, and Michael Francis Zettel and Megan Anne Zettel, respectively, to be taxed jointly and severally as costs of court against Appellees Patricia Elizabeth Mayse and James John Zettel, as co-independent executors

---

**5.** The entire judgment of the trial court is   attached to this opinion as Appendix 2.

of the estate of Paul Key Peterson, deceased.

APPENDIX 1

NO: 95–117

LAST WILL

OF

PAUL KEY PETERSON

I, PAUL KEY PETERSON, a resident of Harris County, Texas, hereby revoke all of my former wills and codicils and declare this to be my Last Will.

I. *Introduction*—By this Will, I dispose of all my property of every nature and description, real, personal and mixed, and wherever situated, and whether acquired before or after the execution of this will ("my estate" or "my property"), but I do not intend to exercise any power of appointment.

(A) *Children*—My children are PATRICIA ELIZABETH MAYSE WILLIAM DUNCAN PETERSON, SUSAN LESLIE TREYBIG, and MATTHEW LOVEALL PETERSON, and references herein to my children are to such children.

2. *Devises*—I devise all of my property as follows:

(A) I give to my mother, MODENA H. PETERSON, if she survives me, the house presently occupied by my mother and one acre immediately surrounding the house with access to a public road.

(B) I may express in a letter to my executor my wishes as to the disposition of some of my personal and household property. It is my expectation that such wishes will be carried out and the executor shall be fully protected in relying upon any such letter.

(C) All of my property not otherwise disposed of hereunder, including any lapsed devise, shall be sold and the remaining proceeds shall be divided as follows:

(1) One full share shall pass to my mother, MODENA H. PETERSON, if she survives me.

(2) One full share shall pass to my late wife's mother, LORETTA ZETTEL, if she survives me.

(3) One full share shall pass to my daughter, PATRICIA ELIZABETH MAYSE, if she survives me.

(4) One full share shall pass to my son, WILLIAM DUNCAN PETERSON, if he survives me.

(5) One full share shall pass to my son, MATTHEW LOVEALL PETERSON, if he survives me.

(6) One-half (½) share shall pass to my daughter, SUSAN LESLIE TREYBIG, if she survives me.

(7) One-half (½) shall pass equally to the children of my daughter, SUSAN LESLIE TREYBIG, if they survive me or all to the survivor of them.

(8) One-half (½) share shall pass equally to the children of my son, WILLIAM DUNCAN PETERSON, if they survive me or all to the survivor of them.

(9) One full share shall pass to all of the children of my brother-in-law, JAMES JOHN ZETTEL, except his daughter, KIRSTEN ELISE ZETTEL, if they survive me or

(10) One-half (½) share shall pass to my niece, KIRSTEN ELISE ZETTEL, if she survives me.

(D) If any of the persons named in paragraph 2(C) above shall predecease me, such gift shall lapse; provided, however, if any child of mine shall predecease me leaving issue who survives me, the property to which such child would have been entitled if such child had survived me shall pass to such child's issue who survive me, per stirpes.

## APPENDIX 2

## NO. 96–53

Patricia Elizabeth Mayse, Individually and as Co–Independent Executor of the Estate of Paul Key Peterson, Deceased, and James John Zettel, as Co–Independent Executor of the Estate of Paul Key Peterson, Deceased, Petitioners,

v.

Modena H. Peterson, Loretta Zettel, William Duncan Peterson, Individually and as Co–Trustee of the Paul Key Peterson Family Trust of 1992, Matthew Loveall Peterson, Susan Leslie Saccomen, Joshua Key Peterson, Amber Michelle Peterson, Katherine Elizabeth Treybig, Alyssa Nichole Saccomen, Michael Francis Zettel, Megan Anne Zettel, And Kirsten Elise Zettel, Respondents.

IN THE COUNTY COURT AT LAW

WASHINGTON COUNTY, TEXAS

### *AMENDED DECLARATORY JUDGMENT*

On the 20th day of February, 1997, came on to be considered the First Amended Original Petition for Declaratory Judgment of Patricia Elizabeth Mayse, Individually, as Co–Independent Executor of the Estate ("Estate") of Paul Key Peterson, Deceased ("Decedent"), and as Co–Trustee of the trusts created under the Last Will and Testament of Paul Key Peterson ("Will"), and James John Zettel, as Co–Independent Executor of Decedent's Estate and as Co–Trustee of the trusts created under Decedent's Will, and the requests for Declaratory Judgment by Respondent William Duncan Peterson, Individually and as Co–Trustee of the Joshua Key Peterson Insurance Trust, the Amber Michelle Peterson Insurance Trust, the Katherine Elizabeth Treybig Insurance Trust, and the Alyssa Nichole Saccomen Insurance

Trust (such trusts formerly being the Paul Key Peterson Family Trust of 1992 prior to division and separation), and by Rhonda Leigh Peterson, as Next Friend for Respondents Amber Michelle Peterson and Joshua Key Peterson, Minors, Petitioners Patricia Elizabeth Mayse and James John Zettel appeared in person in their respective capacities and by attorney of record. Respondents Estate of Modena Hodges Peterson, M.D., Deceased (substituted for Modena H. Peterson), William Duncan Peterson in the capacities stated above, Susan Leslie Saccomen, Joshua Key Peterson, Amber Michelle Peterson, Katherine Elizabeth Treybig, Alyssa Nichole Saccomen, Michael Francis Zettel, and Megan Anne Zettel, appeared in person, through their respective duly authorized representatives and/or guardian ad litem, and/or attorney of record. All parties so appearing announced ready and proceeded with presentation of evidence in trial to the Court. After hearing the evidence and arguments of counsel, the Court enters judgment in this case as follows:

It is ORDERED, DECREED and DECLARED that Paragraph 5, read together with Paragraph 10(E), of the Will of Paul Key Peterson is a general tax exoneration clause which makes no specific reference to nonprobate property and is, therefore, not sufficient to override the tax apportionment scheme as outlined in Section 322A of the Texas Probate Code or Internal Revenue Code Section 2206 and is limited to the taxes attributable to the inclusion of *probate* assets in the gross estate of Paul Key Peterson.

It is FURTHER ORDERED, DECREED and DECLARED that those parties to whom taxes and interest are apportioned as the result of the inclusion of nonprobate property in the gross estate, make payment of such amounts to the Estate of Paul key Peterson, Deceased, within the later of fifteen (15) days following delivery of the amounts so apportioned and the computation of same by the Peti-

tioners or forty-five (45) days following the date of this Declaratory Judgment.

It is FURTHER ORDERED, DE-CREED and DECLARED that Petitioners Patricia Elizabeth Mayse and James John Zettel, as Co–Independent Executors of the Estate of Paul Key Peterson, Deceased, recover against Respondent William Duncan Peterson, Individually and as Co–Trustee of the Joshua Key Peterson Insurance Trust, the Amber Michelle Peterson Insurance Trust, the Katherine Elizabeth Treybig Insurance Trust, and the Alyssa Nichole Saccomen Insurance Trust (such trusts formerly being the Paul Key Peterson Family Trust of 1992 prior to division and separation), and Rhonda Leigh Peterson, as Next Friend for Respondents Amber Michelle Peterson and Joshua Key Peterson, Minors, jointly and severally, reasonable attorneys' fees and expenses in the amount of $30,000, for which let execution issue.

It is FURTHER ORDERED, DE-CREED and DECLARED that Mary Jo Holloway and William Kendall are awarded the sum of $3,000 each as attorney's fees and expenses for serving as guardian ad litem for Katherine Elizabeth Treybig and Alyssa Nichole Saccomen, and for Michael Francis Zettel and Megan Anne Zettel, respectively, to be taxed jointly and severally as costs of court against Respondent William Duncan Peterson, Individually and as Co–Trustee of the Joshua Key Peterson Insurance Trust, the Amber Michelle Peterson Insurance Trust, the Katherine Elizabeth Treybig Insurance Trust, and the Alyssa Nichole Saccomen Insurance Trust (such trusts formerly being the Paul Key Peterson Family Trust of 1992 prior to division and separation), and Rhonda Leigh Peterson, as Next Friend for Respondents Amber Michelle Peterson and Joshua Key Peterson, Minors, to be paid within forty-five (45) days of the date of this Judgment.

It is FURTHER ORDERED, DE-CREED and DECLARED that all relief not expressly granted herein is denied.

SIGNED on this 17 day of March, 1997.

/s/ Matthew Reue
JUDGE PRESIDING