# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00375-CV

**Mary Patrick, Appellant**

**v.**

**Joshua David Patrick, Mary Lisa Patrick, Casey Rose Patrick
and Nicole Ann Patrick, Appellees**

## FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. 72628-B, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## O P I N I O N

Sophie Holland's will was admitted to probate. The parties interpret Ms. Holland's will differently. Mary Patrick, a beneficiary under the will and of several IRAs, contends that the will provided specific instructions directing that estate taxes should be paid entirely out of the assets passing under the will alone and should not be proportionally assessed on funds in the IRAs. The appellees, on the other hand, assert that the will did not provide instruction regarding the payment of estate taxes for the IRAs and, therefore, insist the general rule of apportionment of taxes among all of the assets should apply. The executor filed a motion for summary judgment, requesting the probate court determine whether estate taxes should have been apportioned among all of Ms. Holland's assets, including the IRAs. The probate court determined that the estate taxes should be

apportioned against all of Ms. Holland's assets. Ms. Patrick appeals the judgment of the probate court. We will affirm.

## BACKGROUND

After her death in 1999, Ms. Holland's will was admitted to probate. The probate court appointed her son, Christopher Holland ("Mr. Holland"), as the independent executor. The will did not make any specific bequests of property but divided her probate estate in the following manner: one-half was to be given to her son, and the remaining one-half was to be divided equally among her daughter, Ms. Patrick, and Ms. Patrick's four children, Joshua David Patrick, Mary Lisa Patrick, Casey Rose Patrick, and Nicole Ann Patrick.

Ms. Holland's taxable estate was valued at $6,880,149[1] and consisted of real property, cash, financial investments, personal effects, and several IRAs. The IRAs specified that they were to be equally distributed to Ms. Holland's two children upon her death. Accordingly, the proceeds of the IRAs, $976,086, were divided between Mr. Holland and Ms. Patrick.

Article I of the will provided: "All taxes, including any interest and penalties thereon, which may be payable by reason of my death and all of my debts, funeral expenses and administration expenses shall be charged against and paid out of my estate. No contribution for any of the above taxes upon the proceeds of any insurance policy on my life shall be made by the beneficiary (other than my estate) of any such insurance policy." The independent executor paid

---

[1] Her estate was valued at $7,483,140 and included probate assets of $6,507,054 and non-probate assets valued at $976,086. However, deductions for various expenses and debts resulted in a total taxable estate of $6,880,149.

$3,213,582 in estate taxes from the assets passing under the will. The executor did not seek reimbursement from the funds represented by the IRAs for the taxes paid.

Ms. Patrick filed a motion for accounting and distribution. *See* Tex. Prob. Code Ann. § 149B(a) (West 2003) (allowing interested party to petition for accounting two years from date independent administration created). The probate court appointed a guardian ad litem for the minor beneficiaries of Ms. Holland's will, and the guardian requested the independent executor seek reimbursement for the taxes paid on the IRA. *See id.* § 322A(n) (West 2003 & Supp. 2005).[2] In response, the independent executor filed a petition for a declaratory judgment and a motion for summary judgment, asking the probate court to determine, among other things, whether taxes should have been allocated to the non-probate assets. In addition, the executor wanted a declaration that his interpretation of the will was justified and that he had not improperly administered the estate.[3]

The probate court partially granted the executor's motion for summary judgment, stating that the taxes should have been allocated among all the assets, including non-probate assets, and that the executor did not improperly administer the estate.

---

[2] Section 322A(n) provides, in relevant part, as follows:

> If property includable in an estate does not come into possession of the representative obligated to pay the estate tax, the representative shall recover from each person interested in the estate the amount of the estate tax apportioned to the person under this section or assign to persons affected by the tax obligation the representative's right of recovery.

Tex. Prob. Code Ann. § 322A(n) (West 2003 & Supp. 2005).

[3] Under both interpretations of the will, Mr. Holland would be responsible for the same amount of taxes because he received 50% of the probate assets and 50% of the proceeds from the IRA. However, the proportion of taxes attributable to Ms. Patrick and her children varies depending on which interpretation of the will is followed.

**DISCUSSION**

On appeal, Ms. Patrick contends that the probate court erred in holding that the estate taxes should be apportioned among all the assets because Ms. Holland's will included instructions to the contrary. Specifically, she asserts that the language "[a]ll taxes . . . which may be payable by reason of my death . . . shall be charged against and paid out of my estate" constitutes a specific instruction directing the manner of apportionment of estate tax that excluded non-probate assets. Further, Ms. Patrick insists that this construction of the will is the only reasonable interpretation.

Although the parties disagree about the application of the law, the facts are undisputed. The propriety of summary judgment is a question of law; therefore, we review the trial court's decision de novo. *TX Far West, Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.). "When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious." *Id.* (quoting *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)).

Testamentary intent is the critical inquiry when construing a will. *Rosen v. Wells Fargo Bank Tex., N.A.*, 114 S.W.3d 145, 149 (Tex. App.—Austin 2003, pet. filed). In determining the testator's intent, we are limited to the language within the four corners of the will. *Id.* We focus not on what the testator intended to write but on the meaning of the words actually used. *Id.* "An appellate court must give the words in a will their normal meaning, in light of the testator's intent." *Id.* (quoting *Barker v. Rosenthal*, 875 S.W.2d 779, 781 (Tex. App.—Houston [1st Dist.] 1994, no writ)). Common words should be given their plain meaning unless the context indicates the words

4

were used in another sense. *Vinson v. Brown*, 80 S.W.3d 221, 231 (Tex. App.—Austin 2002, no pet.). When construing a will, we presume the testator intended every word used to have a meaning. *Johnson v. McLaughlin*, 840 S.W.2d 668, 672 (Tex. App.—Austin 1992, no writ). We should construe the will to give effect to every part of it, as long as the language is reasonably susceptible to that construction. *Rosen*, 114 S.W.3d at 149. All rules of construction must yield to the testator's basic intent and purposes as reflected by the entire instrument. *Id.* However, we will not redraft the will or add provisions under the guise of construction to effectuate some presumed intent of the testator. *Id.*

Apportionment of death taxes among both probate and non-probate assets is the general rule, which is subject to an exception only when there is a contrary direction in the will. *See Peterson v. Mayse*, 993 S.W.2d 217, 221 (Tex. App.—Tyler 2000, pet. denied). The exception applies when the testator provides a specific directive as to the manner of payment of estate taxes. *See* Tex. Prob. Code Ann. § 322A(b) (West 2003 & Supp. 2005); *Peterson*, 993 S.W.2d at 221.

The general rule and exception are found in section 322A of the probate code. Section 322A(b)(1) provides, in part, as follows:

> The representative shall charge each person interested in the estate a portion of the total estate tax assessed against the estate. The portion of each estate tax that is charged to each person interested in the estate must represent the same ratio as the taxable value of that person's interest in the estate included in determining the amount of the tax bears to the total taxable value of all the interests of all persons interested in the estate included in determining the amount of the tax.

Tex. Prob. Code Ann. § 322A(b)(1).

Section 322A(b)(2) provides as follows:

> Subdivision (1) of this subsection does not apply to the extent the decedent in a written inter vivos or testamentary instrument disposing of or creating an interest in property specifically directs the manner of apportionment of estate tax or grants a discretionary power of appointment to another person. A direction for the apportionment or nonapportionment of estate tax is limited to the estate tax on the property passing under the instrument unless the instrument is a will that provides otherwise.

*Id.* § 322A(b)(2).

In support of her argument that the instructions in Ms. Holland's will negate the general apportionment rule, Ms. Patrick cites to *Peterson v. Mayse*, 993 S.W.2d at 221, and to *Estate of Miller v. Commissioner*, 1998 Tax. Ct. Memo LEXIS 412, 76 T.C.M. (CCH) 892, 1998 T.C. Memo 416 (1998). In *Peterson*, the court concluded that the language of the will overcame the general apportionment rule because the will unambiguously specified that all "death taxes," including estate taxes, were to be paid out of Peterson's residuary estate. 993 S.W.2d at 220, 222. The court in *Miller* also concluded that the terms of the will negated the general apportionment rule because the will provided that all estate taxes be paid out of the residuary estate "without apportionment." 1998 Tax Ct. Memo LEXIS 412, at *4.

In this case, however, there is not a comparable, specific instruction about the apportionment of estate taxes. Ms. Holland's will does not limit the property to be used in paying her estate taxes to her residuary estate and does not specify that taxes are to be paid without apportionment. The language requiring all taxes be paid out of her estate is general in nature and

6

does not provide specific directions for the apportionment of taxes that are different from the general rule.

Further, Ms. Holland's will states that taxes are to be paid out of her "estate." Ms. Patrick insists this language limited the payment of estate taxes to assets passing under her will. However, "an estate is the total property a decedent owns at death." *Nguyen v. Morales*, 962 S.W.2d 93, 95 (Tex. App.—Houston [1st Dist.] 1997, no writ); *see also* Tex. Prob. Code Ann. § 3(l) (West 2003) (defining estate as "the real and personal property of the decedent . . . .").[4] Rather than limiting the payment of estate taxes to assets passing under the will, the language of the will seems to apportion the obligation for the payment of estate taxes among all of Ms. Holland's assets.[5]

The only specific instruction contrary to the general apportionment rule is found in the second sentence of article I, which exempts beneficiaries of Ms. Holland's life insurance policies from the responsibility of paying estate taxes. The sentence does not mention IRAs or other forms of non-probate assets. *See Peterson*, 993 S.W.2d at 219 (life insurance and IRA non-probate assets transferred to beneficiaries through instruments other than will); Tex. Prob. Code Ann. § 450(a) (West 2003) (provision in retirement account that money paid upon death of decedent nontestamentary). Were we to construe the will as meaning the estate taxes were to be paid out of the assets passing under Ms. Holland's will only, the specific instruction exempting life-insurance

---

[4] In addition, under section 322A, estate is defined as "the gross estate of a decedent as determined for the purpose of estate taxes." Tex. Prob. Code Ann. § 322A(a)(1) (West 2003 & Supp. 2005). The IRAs were included in Ms. Holland's estate for the purposes of calculating estate taxes.

[5] In addition, one commentator has suggested that a directive to pay all taxes from the residuary estate is too general to be a specific directive that circumvents section 322A. Johanson's Texas Probate Code Annotated 335 (West 2005).

beneficiaries from the burden of paying estate taxes would be superfluous as life-insurance policies are non-probate assets and are generally transferred upon the death of the decedent through the terms of the policy, not a will. *See Johnson*, 840 S.W.2d at 672 (every word in will presumed to have meaning). Accordingly, we overrule Ms. Patrick's issue on appeal.

## CONCLUSION

Because we have overruled Ms. Patrick's issue on appeal, we affirm the judgment of the probate court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: December 23, 2005